UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BLAIR DRAZIC,<br>    PLAINTIFF,<br><br>v.<br><br>JAMES RENNE,<br>    DEFENDANT. | )<br>)   CASE #:1:25-cv-<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendant, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Blair Drazic, an individual, against Defendant, James Renne, for breach of express or implied contract and for unlawful conversion of funds.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy, excluding attorney fees and costs, exceeds $75,000.00.

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 28 U.S.C. § 1391(b) and (c).

4. The Defendant transacts business in the Eastern District of Virginia, and should expect to be hailed into this court.

## PARTIES

5. Plaintiff, Blair Drazic ("Plaintiff"), is a natural person and is a citizen of the State Colorado.

6. Defendant, James Renne ("Defendant" or "Renne"), is a natural person and citizen of the Commonwealth of Virginia, with offices in Virginia.

7. Defendant can be served at his offices, 4201 Wilson Blvd, Suite 110521, Arlington, VA 22203.

## FACTS

8. Plaintiff and defendant are both lawyers.

9. Defendant engaged the services of plaintiff to work as co-counsel in a number of matters. The parties had no specific agreement impliedly agreed to share the contingent fee under Renne's contract with the clients fairly. The parties had a prior course of dealings and the parties fairly split the fees recovered.

10. The parties agreed to work on additional matters. It was implied that the terms would be the same as the prior course of dealings.

11. The parties worked diligently in the subject matter lawsuits to resolve the matters. The matters were settled on confidential terms and Renne obtained possession of the entire contingent fee. Plaintiff will file the underlying settlement agreements with the court if necessary subject to a protective order due to the confidentiality clause.

12. Plaintiff calculated the appropriate fees for the matter that would be due to plaintiff at $338,250.00.

13. Upon the completion of the settlement of the underlying matters, defendant offered to pay the sum of $30,000.00, a shortfall of $308,250.00.

14. Defendant is a member of the DC Bar, and is governed by the DC rules of conduct.

15. DC rule of conduct 1.15(d) requires a DC lawyer to maintain any disputed funds in the escrow or IOLTA account of the lawyer until the dispute is resolved.  It further provides: "Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6."

16. Defendant is also a member of the Kansas Bar and is governed by the Kansas rules of professional conduct.

17. The Kansas rules of professional conduct rule 1.15 is nearly identical to the DC bar rule.

18. Defendant, as an attorney, was abundantly aware that Drazic had an attorney's lien in the funds recovered. Drazic contacted Renne repeatedly and requested to discuss the split of the contingent fee recovered.  Rather than delivering the amount Drazic was entitled to receive Defendant took it upon himself to determine Drazic's fee then sent him a grossly insufficient check but put the notation on the check that it was full and final payment which, if cashed, may constitute an accord and satisfaction. Thereafter, Plaintiff made demand that Defendant agree that Plaintiff could cash the check without an accord and satisfaction and Defendant refused. Further, Plaintiff pleads on information and belief that Defendant kept the funds of the plaintiff and moved them to his own use, rather than pay the reasonable fees that plaintiff had earned.

## COUNT ONE:
## Breach of Express Contract

19. Plaintiff restates and re-alleges all previous paragraphs herein.

20. Defendant has breached the terms of an express contract in that there was an agreement between the parties, and defendant failed or refused to comply with the terms of the agreement.

21. Plaintiff is entitled to actual damages and costs.

## COUNT TWO:
## Breach of Implied Contract

22. Plaintiff restates and re-alleges all previous paragraphs herein.

23. Defendant has breached the terms of an implied contract in that there was an agreement and course of dealings, implying an agreement between the parties, and defendant failed or refused to comply with the terms of the agreement.

24. Plaintiff is entitled to actual damages and costs.

## COUNT THREE:
Conversion

25. Plaintiff restates and re-alleges all previous paragraphs herein.

26. Defendant has converted the funds of the plaintiff to his own use and by failing to deliver the funds obviously and/or undisputably owed to Plaintiff but instead tendering a check with language intended to coerce Plaintiff to agree to an unconscionable accord and satisfaction as a condition of receiving any funds he knew Plaintiff needed. The conversion was thus under conditions that were malicious and oppressive.

27. The conversion is misconduct, and plaintiff is therefore entitled to punitive or exemplary damages. *Condominium Services, Inc, v. FOA*, 709 SE 2d 163, 174 (VA, 2011).

28. Plaintiff is entitled to actual damages, punitive damages and costs.

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for actual damages, pre and post judgment interest at the statutory rate, and costs.

**BLAIR DRAZIC**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax
