**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| BLAIR DRAZIC, | &#124; |
| | &#124; |
| Plaintiff, | &#124; |
| | &#124; |
| v. | &#124;   Civil Action No. 1:25-cv-02406-PTG-LRV |
| | &#124; |
| JAMES RENNE, | &#124; |
| | &#124; |
| Defendant. | &#124; |
| _____ | &#124; |

**DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant James Renne, by counsel and pursuant to E.D. Va. Loc. Civ. R. 7(F)(1), submits this Brief in Support of his Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, this Court should grant Mr. Renne's Motion and dismiss Plaintiff Drazic's Complaint, in its entirety, with prejudice.

**I      INTRODUCTION**

Plaintiff Blair Drazic's Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state any plausible claim for relief. The pleading offers only vague and conclusory allegations of an alleged contingency fee-sharing arrangement, while expressly alleging that **"the parties had no specific agreement …"** and it fails to allege facts sufficient to establish an enforceable express or implied contract, much less a viable claim for conversion. Compl. ¶ 9. Under the pleading standards of *Bell Atlantic Corp. v. Twombly*, *Ashcroft v. Iqbal*, and controlling Fourth Circuit authority, the Complaint does not cross the line from speculation to plausibility and should be dismissed with prejudice.

1

Alternatively, if the Court concludes dismissal is not warranted, this action should be transferred to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a). As set forth in the Declaration of Defendant James Renne, attached as Exhibit A, the events giving rise to this dispute occurred in Kansas, the operative witnesses and documents are located there, and Kansas is the more appropriate and convenient forum for resolution of this matter.

## II   ARGUMENT

### 1.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege a plausible claim for relief," a standard requiring more than merely stating a legal claim in conclusory terms. *McCleary-Evans v. Md. DOT*, 780 F.3d 582, 585-88 (4th Cir. 2015) (contrasting Rule 8(a)'s pleading standard as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) with the older interpretation stated in *Conley v. Gibson*, 355 U.S. 41 (1957)). A plausible claim for relief means one that contains sufficient factual content to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019). Notably, "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *Id*. (citing *Iqbal* at 678).

### 2.   Counts I and II fail because no enforceable express or implied contract is plausibly alleged.

As an initial matter, this Court must apply Virginia's choice-of-law rules. *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) ("A federal court hearing a diversity claim must apply the choice-of-law rules of the state in which it sits.") In Virginia, "the

2

nature, validity and interpretation of contracts are governed by the law of the place where [the contract was] made." *Black v. Powers*, 48 Va. App. 113, 128 (2006).

The Complaint, however, does not allege facts sufficient to determine where any purported contract was made. For example, the Complaint alleges that the parties are "both lawyers" whereupon Mr. Renne, a member of the bars of Kansas and the District of Columbia and alleged "citizen" of Virginia, "engaged the services" of Mr. Drazic, a "citizen of Colorado," "to work as co-counsel in a number of matters." Compl. ¶¶ 5, 6, 8, 9, 14, 16. The Complaint does not specify how the alleged co-counsel agreement was formed, where the parties were at the time, or where they were to perform their alleged co-counsel duties.

The Court need not resolve the issue of which state's substantive contract law applies at the motion to dismiss stage because the Complaint fails to plead the existence of an enforceable agreement, express or implied, under **any** relevant state's law. See *Mission Integrated Techs., LLC v. Clemente*, 158 F.4th 554, 562 (4th Cir. 2025) (explaining that a court "need not resolve the choice-of-law question at all if it makes no discernible difference to the relevant analysis in the case at bar.")

All relevant jurisdictions require sufficiently definite and certain material terms such that the existence and scope of the parties' obligations can be ascertained. See *Stice v. Peterson*, 144 Colo. 219, 224 (1960) (explaining that contract formation under Colorado law requires terms that are "sufficiently definite to enable the court to determine whether the contract has been performed or not."); *EastBanc, Inc. v. Georgetown Park Assocs. II, L.P.*, 940 A.2d 996, 1002 (D.C. 2008) (explaining that under District of Columbia law, "[a] contract must be sufficiently definite as to its material terms (which include, *e.g.,* subject matter, price, payment terms, quantity, quality, and duration) that the promises and performance to be rendered by each party are reasonably certain.");

3

*Unified Sch. Dist. No. 446 v. Sandoval*, 295 Kan. 278, 284 (2012) (explaining that contract formation under Kansas law requires "an acceptance of the exact terms of an offer, and the acceptance must be unconditional and unequivocal."); and *Dodge v. Trs. of Randolph-Macon Woman's Coll.*, 276 Va. 1, 5 (2008) (explaining that under Virginia law "[i]n order to be binding, an agreement must be definite and certain as to its terms and requirements; it must identify the subject matter and spell out the essential commitments and agreements with respect thereto.")

In this case, the breach-of-contract counts both fail because the Complaint does not allege the definite and certain material terms necessary to plead an enforceable contract under any potentially applicable law. Although Mr. Drazic repeatedly invokes an "agreement," labels do not substitute for pleading the essential terms of a bargain. The Complaint does not plausibly allege, among other things:

(1) **When** any contract was formed. The Complaint identifies no date or circumstance in which the parties allegedly reached agreement, making it impossible to infer when contractional obligations arose.

(2) **How** any agreement was formed. Mr. Drazic alleges simultaneously that (a) there was an "express contract" between the parties, AND (b) there was a "course of dealings, implying an agreement between the parties." Compl. ¶¶ 20, 23. Those conflicting and undeveloped theories of contractual formation further underscore the Complaint's failure to identify the source and material terms of any alleged agreement.

(3) **What** the parties agreed to actually do. The Complaint does not allege the substance or scope of either party's obligations with any specificity. It pleads no definite performance duties, no concrete undertaking by Mr. Renne, and no factual basis from which contractual obligations could be ascertained or inferred.

4

(4) **The material economic terms** of the alleged bargain.  Mr. Drazic seeks a "split" of the proceeds of a contingent fee award which he has "calculated" to be \$338,250.00.  Compl. ¶¶ 9, 12. Yet, the Complaint alleges no agreed compensation, payment structure, pricing term, allocation formula or other objective basis from which consideration, breach or damages could be measured.

(5) **Duration** or temporal scope.  The Complaint alleges no term, duration, triggering condition, or endpoint for the alleged agreement.

(6) **Any objective standard by which breach could be determined**.  Because the Complaint does not plead definite terms, it does not plausibly allege what Mr. Renne was contractually required to do, much less how he supposedly breached any such duty.

Moreover, Mr. Drazic's own allegations regarding professional-conduct rules further underscore the implausibility of any enforceable fee-sharing agreement.  For example, Mr. Drazic highlights the Rules of Professional Conduct regarding disputed funds.  Compl. ¶¶ 15, 17. However, ABA Model Rule of Professional Conduct 1.5(e) addresses the more relevant issue of "a division of a fee between lawyers who are not in the same firm."  Such a division "may be made only if (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation; (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and (3) the total fee is reasonable."  Model Rules of Pro. Conduct r. 1.5(e) (Am. Bar Ass'n).  This provision has been adopted in substantially similar form in Colorado, the District of Columbia, Kansas, and Virginia.  See Colo. Rules of Pro. Conduct r. 1.5(e); D.C. Rules of Pro. Conduct r. 1.5(e); Kan. Rules of Pro. Conduct r. 1.5(g); Va. Rules of Pro. Conduct r. 1.5(e) (adopting substantially similar restrictions on division of fees between lawyers not in the same firm).

The Complaint, however, alleges no facts indicating compliance with the requirements that govern fee-sharing arrangements between lawyers not in the same firm, including client consent, agreement as to each lawyer's respective share, or any memorialized fee-sharing agreement.  Mr. Drazic's **implied-contract theory instead appears to rest on the absence of any express written agreement**, notwithstanding that such arrangements are typically structured to ensure clarity, mutual assent, and enforceability.  These omissions do not merely implicate ethical considerations; they underscore the absence of the definite and ascertainable terms required to plausibly allege the existence of an enforceable contract.

Taken together, these deficiencies are not mere gaps in detail; they reflect the absence of any plausibly pleaded enforceable agreement.  A complaint that does not allege when any contract was formed, how it was formed, what material obligations were undertaken, what compensation terms governed the alleged bargain, or any objective basis for determining breach fails to cross the line from conceivable to plausible under *Twombly* and *Iqbal*.  Accordingly, dismissal with prejudice is warranted.

3.    **Count I (Breach of Express Contract) independently fails because Mr. Drazic alleges that no specific agreement exists between the parties.**

Count I fails for the independent reason that the Complaint does not plausibly allege the existence of any specific express contract at all.  An express contract means that "the typical requirements to form a contract are present, such as consideration and mutuality of assent" and are expressed in words, either orally or in writing.  *Dimuroginsberg, P.C. v. Vlox, LLC*, 2019 U.S. Dist. LEXIS 133009, at *16 (E.D. Va. Aug. 7, 2019).  But the Complaint identifies no particular oral or written agreement, no occasion on which such an agreement was reached, and no express terms supposedly agreed upon.  Moreover, Mr. Drazic, himself, alleges that "**the parties had no specific agreement.**"  Compl. ¶ 9 (emphasis added).  It is difficult to see how the parties could have formed

a written or verbal agreement, i.e. an express contract, without having a "specific agreement." Therefore, because the Complaint does not plausibly allege the existence of a distinct express agreement, Count I also fails as a matter of law.

4. **Count II (Breach of Implied Contract) independently fails because Mr. Drazic's allegation of a prior course of dealing does not, by itself, plausibly establish the existence of an implied-in-fact contract.**

An implied-in-fact contract occurs when "the typical requirements to form a contract are present, such as consideration and mutuality of assent" and "with the parties' conduct establishing the terms of the contract." *AB Staffing Sols., LLC Plaintiffs v. Asefi Capital, Inc.,* 2022 U.S. Dist. LEXIS 198176, at *50-51 (E.D. Va. Oct. 31, 2022). While a course of dealing may, in limited circumstances, inform the parties' intent, it cannot substitute for allegations of a definite and enforceable agreement supported by mutual assent to material terms. Here, the Complaint identifies no specific prior transaction, no consistent pattern of conduct establishing agreed-upon terms, and no objective basis from which the Court could infer a meeting of the minds on the essential obligations at issue. Accordingly, Mr. Drazic's allegation of a "prior course of dealings" is insufficient to state a plausible claim for breach of an implied-in-fact contract. Compl. ¶ 9.

5. **Count III (Conversion) fails because Mr. Drazic alleges no duty independent of contract.**

Mr. Drazic alleges that the parties "impliedly agreed to share the contingent fee under Renne's contract with the clients fairly." Compl. ¶ 9. Mr. Drazic further alleges that "Renne obtained possession of the entire contingent fee" but "fail[ed] to deliver the funds … owed to Plaintiff…" Compl. ¶¶ 11, 26. Mr. Drazic's use of the term "owed" is conclusory and assumes the existence of a duty to remit funds to himself without pleading facts establishing any independent legal basis for such a duty. In substance, Mr. Drazic's allegations merely restate the alleged

agreement and recast it in terms of "duty" and "nonpayment," without identifying any source of obligation outside the purported contract.

However, "to recover for the tort of conversion, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Condo. Servs. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 281 Va. 561, 574 (2011). Inexplicably, Mr. Drazic included a citation **to this very case** in paragraph 27 of the Complaint, despite the fact that the legal principle it states bars Mr. Drazic's conversion claim as a matter of law.

Like in the analysis of the breach of contract claims, above, the Court need not resolve any choice-of-law issue at this stage because under Virginia, Colorado, District of Columbia and Kansas law alike, a conversion or tort claim cannot be predicated solely on breach of a duty arising from contract.  See *Town of Alma v. AZCO Constr., Inc.,* 10 P.3d 1256, 1264 (Colo. 2000) (explaining that under Colorado law "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law."); *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008) (explaining that under District of Columbia law, a "tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship."); and *David v. Hett*, 293 Kan. 679, 701 (2011) (applying source of duty analysis to determine whether a claim sounds in contract or tort whereby "a breach of contract claim is the failure to perform a duty arising from a contract, and a tort claim is the violation of duty imposed by law, independent of the contract.")

In short, under Count III, Mr. Drazic alleges only a disputed entitlement to payment under an alleged fee-sharing arrangement.  He fails to allege that Mr. Renne breached a duty that existed

independently of that alleged fee-sharing arrangement.  Therefore, Count III fails to state a claim for conversion as a matter of law.

**6.  In the alternative, under 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of Kansas.**

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the case might have been brought.  *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Services, Inc.,* 791 F.3d 436, 444 (4th Cir. 2015).  The Fourth Circuit considers four principal factors in evaluating transfer: (1) plaintiff's choice of forum; (2) witness convenience and access to proof; (3) convenience of the parties; and (4) the interests of justice.  *Id.*

In this case, Mr. Drazic's choice of forum is entitled to diminished deference in the § 1404(a) analysis.  Mr. Drazic alleges he is a citizen of Colorado, not Virginia.  Compl. ¶ 5. Moreover, the Complaint identifies no material facts suggesting that the operative events underlying this legal-fee dispute occurred in Virginia or otherwise bear a meaningful connection to this forum.  Because the Eastern District of Virginia is neither Mr. Drazic's home forum nor a forum with a substantial nexus to the underlying controversy, Mr. Drazic's choice to file suit in this venue should carry reduced weight in the transfer analysis.  See, e.g., *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005) ("When the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight.")

Witness convenience and access to proof supports transferring this case to the United States District Court for the District of Kansas.  The Complaint alleges that Mr. Renne owes a "split" of a contingent legal fee award to Mr. Drazic based upon the settlement of "a number of matters." Compl. ¶¶ 9, 12.  Thus, relevant evidence in this dispute would include all terms of any settlement

agreements, the subject matter settled, including any legal work that was performed, or not performed, and compensated for under any settlement, the parties to any settlement agreements, the financial institutions that received monetary sums related to any settlement, other witnesses to any settlement of these underlying matters, and any corroborating or supporting documents. However, the underlying litigation giving rise to Mr. Drazic's claims concerned only Kansas federal court proceedings and property nuisance issues focused entirely in Kansas. Renne Decl. ¶ 2. The relevant witnesses, i.e. the plaintiffs in those Kansas federal court cases, are owners of property in Kansas undertaking, and represented in, a Kansas-only legal process. Renne Decl. ¶ 3. Accordingly, the convenience of witnesses and access to sources of proof weigh in favor of transfer to the District of Kansas.

The third factor – convenience of the parties – also favors transfer to the District of Kansas. As stated earlier, Mr. Drazic alleges he is a citizen of Colorado. Compl. ¶ 5. Mr. Renne is a licensed attorney in the State of Kansas, admitted to practice before the United States District Court for the District of Kansas, and maintains a law practice organized under the laws of Kansas. Compl. ¶16; Renne Decl. ¶ 1. Mr. Renne was also one of the plaintiffs in the underlying litigation and maintains property in Kansas. Renne Decl. ¶ 4. In light of this geographic dispersion, Kansas is the more logical and efficient forum because the underlying dispute, relevant witnesses, and operative facts are centered there.

The fourth factor – the interests of justice – also favors transfer to the District of Kansas. This dispute arises out of underlying litigation conducted in Kansas federal court proceedings and specifically concerns the terms under which those cases were settled, including the payment of a contingency-based fee to Mr. Renne. Renne Decl. ¶¶ 1, 2. Adjudication in Kansas would promote judicial efficiency by situating the case in the forum most closely connected to the events at issue

and the likely witnesses, while avoiding unnecessary litigation in a forum which, at best, is only tangentially connected to the underlying dispute. Accordingly, the interests of justice support transfer under 28 U.S.C. § 1404(a).

Accordingly, if the Court declines to dismiss the Complaint under Rule 12(b)(6), Mr. Renne respectfully submits that this action should be transferred to the United States District Court for the District of Kansas.

WHEREFORE, Defendant Renne respectfully requests that the Court

(a) dismiss the Complaint in its entirety, with prejudice, for failure to state a claim under Rule 12(b)(6), or

(b) in the alternative, and only if the Court determines dismissal is not warranted, transfer this action to the United States District Court for the District of Kansas, and

(c) provide any further relief that the Court deems just and proper.

Respectfully submitted,

JAMES L. RENNE
*By Counsel*

/s/ John Isaac Post
John Isaac Post (VSB No. 82529)
ISAAC POST LAW PLLC
1800 Diagonal Rd., Ste 604
Alexandria, VA 22314
T (571) 249-1135
F (571) 249-1193
ipost@isaacpostlaw.com

11