**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| BLAIR DRAZIC, | &#124; | |
| | &#124; | |
| Plaintiff, | &#124; | |
| | &#124; | |
| v. | &#124; | Civil Action No. 1:25-cv-02406-PTG-LRV |
| | &#124; | |
| JAMES RENNE, | &#124; | |
| | &#124; | |
| Defendant. | &#124; | |
| _____ | &#124; | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF**
**HIS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant James Renne, by counsel and pursuant to E.D. Va. Loc. Civ. R. 7(F)(1), makes the following arguments in further support of his Motion to Dismiss, or in the Alternative, to Transfer Venue.

**1.    Count I still fails because Mr. Drazic cannot point to any allegations in the Complaint showing the existence of an enforceable agreement.**

Mr. Drazic's Opposition ("Opp."), ECF No. 15, never addresses the central defect identified in Mr. Renne's brief in support of his motion to dismiss: the Complaint fails to allege any definite and certain contractual terms regarding the alleged fee-sharing arrangement. To the contrary, Mr. Drazic now affirmatively concedes that the alleged agreement "**did not clarify the duties or how the fees would be divided** between Drazic and Renne." Opp. at 2 (emphasis added). That concession independently confirms that Count I fails plausibly to allege the existence of an enforceable express contract.

Moreover, Mr. Drazic cannot cure such pleading deficiencies through new factual assertions raised for the first time in his Opposition. *Harris v. Integrity Mgmt. Consulting*, 2021

1

U.S. Dist. LEXIS 75132, at *17 (E.D. Va. Mar. 16, 2021) ("…it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss…")

Finally, Mr. Drazic's assertion that he has "never seen" the alleged agreement underscores the absence of any plausible allegation of definite contractual terms. Opp. at 2. Similarly, the Virginia Supreme Court's decision in *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 347 (1980), cited by Mr. Drazic, further supports dismissal of Count I because in that case the court held that there was no enforceable agreement because "the parties never reached a mutual agreement on every essential element of the proposed settlement."

> **2.      Count II still fails because Mr. Drazic has not alleged sufficiently definite terms supporting an implied-in-fact contract and cannot recast the claim as one for unjust enrichment.**

Count II (Breach of Implied Contract) is clearly pleaded as a claim for breach of a contract implied-in-fact, which is a "true contract, containing all of the elements that construct an enforceable agreement." *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990). For example, the Complaint alleges that Mr. Renne "breached the terms of an implied contract in that there was an agreement and course of dealings, implying an agreement between the parties, and defendant failed or refused to comply with the terms of the agreement." Compl. ¶ 23. And what were those terms? "It was implied that terms would be the same as the prior course of dealings." Compl. ¶ 10. Yet, Mr. Drazic now admits that despite working as co-counsel "for years" the **central fee-allocation term was never clarified**. Opp. at 2. Accordingly, Mr. Drazic's own allegations and Opposition confirm that the parties never reached a sufficiently definite agreement regarding the essential term at issue, namely, **how any contingent fees would be allocated**. Count II, therefore, fails to allege an enforceable implied-in-fact contract as a matter of law. See, e.g., *Lugo v. Inova Health Care Servs.*, 2025 U.S. Dist. LEXIS 55590, at *10 (E.D. Va. Mar. 25, 2025) (holding that plaintiff failed

to allege facts showing that "custom dictates that the exchange of Plaintiff's private information for health services creates an implied-in-fact contract between the parties"). Additionally, because Mr. Drazic has already acknowledged the absence of a sufficiently definite essential term of this alleged fee-splitting agreement, amendment would be futile.

The Opposition does not cure any of these problems. Instead of simply pointing to the paragraphs in the Complaint containing the terms of the alleged contract, Mr. Drazic pivots to outlining legal concepts such as "reasonable value," that a court "can and should impose [an agreement]," "unjust enrichment," or "benefit received." Opp. at 3-4. Such language suggests that Mr. Drazic is referring to a contract implied-in-law or "quasi-contract" which "is not a contract at all but rather an equitable remedy thrust upon the recipient of a benefit under conditions where that receipt amounts to unjust enrichment." *Nossen*, 750 F. Supp. at 744. The cases cited by Mr. Drazic also involve the application of such concepts. See, e.g., *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 486 (2020) (explaining that "unjust enrichment provide[s] the rule of decision"); *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116 (2008) (identifying the elements of a "cause of action for unjust enrichment"). In sum, Mr. Drazic cannot avoid the absence of sufficiently definite contractual terms by recasting a purported implied-in-fact contract claim as one for equitable restitution.

> **3. Count III (Conversion) still fails because Mr. Drazic does not allege the conversion of specific funds and cannot create an independent tort duty through the Rules of Professional Conduct.**

Mr. Drazic's own allegations defeat conversion because he does not identify any specific funds belonging to him, only an alleged entitlement to some undefined "reasonable" amount. "To state a claim for conversion, a plaintiff must allege (i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by

defendant over the plaintiff's property, thus depriving plaintiff of possession." *Cumulus Inv'r, LLC v. Bernardi*, 2022 U.S. Dist. LEXIS 242889, at *7-8 (E.D. Va. July 21, 2022) (stating the elements of conversion under Virginia law). More specifically, money "may only be the subject of a conversion claim when it is part of a segregated or identifiable fund…" *Id*. at *8. "A segregated or identifiable fund is one **separate from the defendant's general funds** and one to which plaintiff is entitled." *Id*. (emphasis added). The Complaint, however, merely alleges that upon settlement of the underlying matters, Mr. Renne "obtained possession of the entire contingent fee." Compl. ¶ 11. The Opposition then concedes that Mr. Renne had a duty "to pay a sum, **almost any sum of money that would have been reasonable**, to Drazic." Opp. at 5 (emphasis added). That is, Mr. Drazic admits that he cannot identify a specific ownership interest in a determinate fund; he simply claims that Mr. Renne ought to have paid him some "reasonable" amount of money. That is not conversion.

Mr. Drazic also cannot manufacture the missing independent tort duty by invoking Rule of Professional Conduct 1.15, or any other such rule, because these ethical rules expressly disclaim any role as a basis for civil liability or private causes of action. See e.g., Va. Rules of Pro. Conduct, Scope (Va. State Bar 2025) ("Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached…"); D.C. Rules of Prof. Conduct, Scope ¶ 4 (D.C. Bar 2025) ("Nothing in these Rules, the Comments associated with them, or this Scope section is intended to enlarge or restrict existing law regarding the liability of lawyers to others…"); Kansas Rules of Prof. Conduct, Scope ¶ 20 (Kansas Bar Assoc. 2021) ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached… They are not designed to be a basis for civil liability."); Model Rules of Prof. Conduct, Scope ¶ 20 (Am. Bar Ass'n 1983)

4

("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached"); see also, *Hizey v. Carpenter*, 119 Wash. 2d 251, 258, 830 P.2d 646, 650 (1992) ("Neither the CPR [former Code of Professional Responsibility] nor the RPC [the Rules of Professional Conduct] purports to set the standard for civil liability.")  Thus, the issue is not whether attorneys owe ethical duties under the Rules of Professional Conduct.  The issue is whether those disciplinary rules create a private tort duty supporting a conversion claim.  The Rules themselves **expressly reject that proposition** and thus cannot be the source of Mr. Renne's alleged independent tort duty to pay settlement funds to Mr. Drazic.

> **4.     Alternatively, should the court reach Mr. Renne's transfer request, Mr. Drazic's own allegations confirm the centrality of Kansas witnesses and evidence.**

Mr. Drazic's attempt to minimize the relevance of Kansas witnesses and evidence is contradicted by his own Opposition.  Although Mr. Drazic contends that the "underlying clients are not relevant witnesses," Opp. at 12, he elsewhere asserts that there existed a written agreement involving those same clients and both counsel – ("a written agreement … between the clients … and the Parties herein…") – which Mr. Drazic admittedly "has never seen." *Id* at 2.  To the extent Mr. Drazic's claims depend upon alleged fee-sharing arrangements arising from the underlying Kansas representations, the clients, underlying files, bank records, and circumstances surrounding those representations are plainly relevant.  Moreover, Mr. Drazic admits that "the litigation complained of took place predominantly in Kansas," Opp. at 12, the relevant representations centered there, and any disputed understanding concerning fee allocation necessarily arose from those Kansas-based matters.  Accordingly, the convenience of witnesses and the interests of justice continue to favor transfer to the District of Kansas should the Court decline dismissal.

Respectfully submitted,

JAMES L. RENNE
*By Counsel*

           /s/ John Isaac Post
John Isaac Post (VSB No. 82529)
ISAAC POST LAW PLLC
1800 Diagonal Rd., Ste 604
Alexandria, VA 22314
T (571) 249-1135
F (571) 249-1193
ipost@isaacpostlaw.com

6