**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| BLAIR DRAZIC,<br>    PLAINTIFF, | ) ) ) ) | CASE #:1:25-cv-2406-PTG-LRV |
| v. | ) ) | |
| JAMES RENNE, | ) ) | |
| DEFENDANT. | ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendant, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Blair Drazic, an individual, against Defendant, James Renne, for breach of express or implied contract and for unlawful conversion of funds.

## JURISDICTION, VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy, excluding attorney fees and costs, exceeds $75,000.00.

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 28 U.S.C. § 1391(b) and (c).

Page 1 of 6

4. The Defendant transacts business in the Eastern District of Virginia, and should expect to be hailed into this court.

## PARTIES

5. Plaintiff, Blair Drazic ("Plaintiff"), is a natural person and is a citizen of the State Colorado.

6. Defendant, James Renne ("Defendant" or "Renne"), is a natural person and citizen of the Commonwealth of Virginia, with offices in Virginia.

7. Defendant can be served at his offices, 4201 Wilson Blvd, Suite 110521, Arlington, VA 22203.

## FACTS

8. Plaintiff and defendant are both lawyers.

9. Defendant met with plaintiff and plaintiff's wife at a restaurant called "Bostons" in Grand Junction, Colorado, and the two discussed the logistics of the co-representation for several related matters ("the wind farm cases").

10. The parties impliedly agreed to share the contingent fee under Renne's contract with the clients in a manner that was fair and reasonable.

11. Defendant performed all or most of the activities in his office in Virginia.

12. Plaintiff performed all or most of the activities in his office in Grand Junction, Colorado.

13. The parties worked diligently in the subject matter lawsuits to resolve the matters. The matters were settled on confidential terms and Renne obtained possession of the entire contingent fee. Plaintiff will file the underlying settlement agreements with the court if necessary subject to a protective order due to the confidentiality clause.

14. The matters settled for a confidential sum, the gross amount of attorneys fees for the wind farm matters a substantial confidential amount.

15. Plaintiff calculated the appropriate fees for the matter that would be due to plaintiff at $338,250.00.

16. Upon the completion of the settlement of the underlying matters, defendant offered to pay the sum of $30,000.00, a shortfall of $308,250.00.

17. Defendant is a member of the DC Bar, and is governed by the DC rules of conduct.

18. DC rule of conduct 1.15(d) requires a DC lawyer to maintain any disputed funds in the escrow or IOLTA account of the lawyer until the dispute is resolved.  It further provides: "Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6."

19. Defendant is also a member of the Kansas Bar and is governed by the Kansas rules of professional conduct.

20. The Kansas rules of professional conduct rule 1.15 is nearly identical to the DC bar rule.

21. Defendant, as an attorney, was abundantly aware that Drazic had an attorney's lien in the funds recovered.

22. Drazic contacted Renne repeatedly and requested to discuss the split of the contingent fee recovered.

23. Rather than delivering the amount Drazic was entitled to receive Defendant took it upon himself to determine Drazic's fee then sent him a grossly insufficient check but put the notation on the check that it was full and final payment which, if cashed, may constitute an accord and satisfaction.

Page 3 of 6

24. Thereafter, Plaintiff made demand that Defendant agree that Plaintiff could cash the check without an accord and satisfaction and Defendant refused. As a result, plaintiff, not willing to take a chance on waiving such a large amount of fees, has not deposited the proffered funds, and has not been paid at all.

25. Further, Plaintiff pleads on information and belief that Defendant kept the funds of the plaintiff and moved them to his own use, rather than pay the reasonable fees that plaintiff had earned.

**COUNT ONE:**
**Breach of Implied Contract – QUANTUM MERUIT**

26. Plaintiff restates and re-alleges all previous paragraphs herein.

27. Defendant has breached the terms of an implied contract – Quantum Meruit - in that defendant performed services with the expectation of payment and was not paid a "fair and reasonable" sum.

28. Plaintiff is entitled to actual damages and costs.

**COUNT TWO:**
**Breach of Implied Contract – UNJUST ENRICHMENT**

29. Plaintiff restates and re-alleges all previous paragraphs herein.

30. Defendant has breached the terms of an implied contract –Unjust enrichment – in that defendant has retained the value of the services of plaintiff, knowing that the plaintiff expected payment, and failed and refused to pay the "fair and reasonable" value of the services thereof.

31. Plaintiff is entitled to actual damages and costs.

**COUNT THREE:**
Conversion

32. Plaintiff restates and re-alleges all previous paragraphs herein.

33. Defendant has converted the funds of the plaintiff to his own use and by failing to deliver the funds obviously and/or undisputably owed to Plaintiff but instead tendering a check with

Page 4 of 6

language intended to coerce Plaintiff to agree to an unconscionable accord and satisfaction as a condition of receiving any funds he knew Plaintiff needed. The conversion was thus under conditions that were malicious and oppressive.

34. The conversion is misconduct, and plaintiff is therefore entitled to punitive or exemplary damages. *Condominium Services, Inc, v. FOA*, 709 SE 2d 163, 174 (VA, 2011).

35. In this case, it is alleged that the fees that were disputed were moved from defendant's escrow account to defendant's operating account while such were still disputed, which violates the rules of professional conduct in both Washington DC and Kansas.

36. Plaintiff is entitled to actual damages, punitive damages and costs.

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for actual damages, pre and post judgment interest at the statutory rate, and costs.

**BLAIR DRAZIC**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19 June 2026 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**John Isaac Post, Esq.**
**Counsel for James Renne.**

And to the following non-filing users:

NONE

_____/s/_____
Jason M. Krumbein, Esq. VSB# 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
(804) 592-0792 - Telephone
(804) 823-2565 – Facsimile
