**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| BLAIR DRAZIC, | &#124; |
| Plaintiff, | &#124; |
| v. | &#124;    Civil Action No. 1:25-cv-02406-PTG-LRV |
| JAMES RENNE, | &#124; |
| Defendant. | &#124; |

**DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant James Renne, by counsel and pursuant to E.D. Va. Loc. Civ. R. 7(F)(1), submits this Brief in Support of his Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Transfer Venue pursuant to 28 U.S.C. § 1404(a).  For the reasons stated below, this Court should grant Mr. Renne's Motion and dismiss Plaintiff Drazic's Amended Complaint, in its entirety, with prejudice.

## I    INTRODUCTION

Plaintiff Blair Drazic claims Mr. James Renne owes him $338,250.00 while admitting that Mr. Renne tendered him $30,000.00 which Mr. Drazic further admits he has neither deposited nor returned.  Amend. Compl. ¶¶ 15–16, 24.  The issue before the Court, however, is not whether Mr. Drazic believes he is owed still more money.  It is whether the Amended Complaint plausibly alleges facts entitling Mr. Drazic to recover that amount or any amount.  It does not.

Mr. Drazic filed the Amended Complaint after this Court identified deficiencies in the original pleading and granted leave to amend.  Although the Amended Complaint's Preliminary Statement continues, inadvertently it appears, to characterize this action as one for "breach of

1

express or implied contract," Mr. Drazic has clearly abandoned his breach of contract claims and instead asserts claims for quantum meruit and unjust enrichment while reasserting his previously dismissed conversion claim.

The Amended Complaint adds factual allegations concerning where the parties met and where they allegedly performed "all or most of the activities."  See Amend. Compl. ¶¶ 9, 11-12. But these scant additional allegations do not address the elements of the claims Mr. Drazic now asserts.  They do not explain, for example, the legal significance of a meeting at a sports bar in which an alleged discussion concerning "logistics" of a co-representation took place (albeit after litigation had already been filed in the underlying Kansas "wind farm" cases).  They do not identify the compensable legal services Mr. Drazic allegedly rendered to Mr. Renne.  They do not allege the circumstances giving rise to any obligation on Mr. Renne's part to compensate Mr. Drazic.  And they do not identify any specific, identifiable property that was allegedly converted.  In short, the Amended Complaint adds a few additional facts, but **not the facts that matter**.  Mr. Drazic continues to rely on conclusory assertions and legal labels that fall well short of the pleading standard established by *Twombly* and *Iqbal*.  Because the Amended Complaint fails to state a plausible claim for relief under the law of every potentially applicable jurisdiction, it should be dismissed with prejudice.  Alternatively, if the Court concludes dismissal is not warranted, the case should be transferred to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a).

## II    ARGUMENT

### 1.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege a plausible claim for relief," a standard requiring more than merely stating a legal claim in conclusory terms.

*McCleary-Evans v. Md. DOT*, 780 F.3d 582, 585-88 (4th Cir. 2015) (contrasting Rule 8(a)'s pleading standard as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) with the older interpretation stated in *Conley v. Gibson*, 355 U.S. 41 (1957)). A plausible claim for relief means one that contains sufficient factual content to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019). Notably, "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *Id*. (citing *Iqbal* at 678).

> **2.      Count I fails to state a claim for quantum meruit because the Amended Complaint does not plausibly allege that Mr. Drazic rendered compensable services to Mr. Renne under circumstances giving rise to an obligation to pay.**

Because this Court sits in diversity, it applies Virginia's choice-of-law rules. *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005). The Virginia Supreme Court has not established a clear choice of law rule specifically for claims sounding in quantum meruit. This Court has noted that while "*quantum meruit* claims sound in contract," courts have sometimes applied the law of the place of contracting and sometimes the law of the place of performance. *Northstar Aviation, LLC v. Alberto*, 2018 U.S. Dist. LEXIS 235042, at *9-10 (E.D. Va. Oct. 25, 2018) (J Ellis).

The Amended Complaint, however, alleges facts connecting the dispute to multiple jurisdictions but does not allege the facts necessary to determine where or when the alleged implied contract arose or where the obligation to compensate Mr. Drazic was incurred. For example, the Amended Complaint alleges that the parties met at a restaurant in Grand Junction, Colorado and "discussed the logistics of the co-representation for several related matters." Amend Compl. ¶ 9. But this paragraph does not allege that an agreement was made at that time; only that they met and

had a conversation.  Then paragraph 10 alleges that "the parties impliedly agreed…"  But if they merely discussed logistics in paragraph 9, then when, and where, did they supposedly reach the implied agreement alleged in paragraph 10?  Finally, the Amended Complaint alleges that Mr. Drazic "performed all or most of the activities in his office in Grand Junction, Colorado."  Amend. Compl. ¶ 12.  But this allegation does not identify what those "activities" were, what impliedly agreed legal services Mr. Drazic actually performed, for whom those services were performed, or how they gave rise to an implied obligation on Mr. Renne's part to compensate Mr. Drazic.  The location of Mr. Drazic's alleged work does not substitute for factual allegations describing the compensable services allegedly rendered.  The Amended Complaint further alleges that Mr. Renne "performed all or most of the activities in his office in Virginia," and that he is a member of the Kansas and D.C. bars and is subject to their rules of professional conduct.  Amend. Compl. ¶¶ 11, 17-19.  These allegations, likewise, fail to clarify a 'place of contracting' or 'place of performance.'  The Court need not resolve this issue at the pleading stage, however, because the Amended Complaint fails to state a claim for quantum meruit under the law of every potentially applicable jurisdiction.  See *Mission Integrated Technologies, LLC v. Clemente*, 158 F.4th 554, 562 (4th Cir. 2025) (explaining that a court "need not resolve the choice-of-law question at all if it makes no discernable difference to the relevant analysis in the case at bar.")

Regardless of whether Colorado, D.C., Kansas or Virginia law applies, a plaintiff seeking recovery in quantum meruit must allege facts plausibly showing that he rendered compensable services to the defendant under circumstances giving rise to an obligation to pay the reasonable value of those services.  See *Melat, Pressman & Higbie, LLP v. Hannon Law Firm, LLC*, 287 P.3d 842, 847–49 (Colo. 2012); *TVL Assocs. v. A & M Constr. Corp.*, 474 A.2d 156, 159 (D.C. 1984);

*Haz-Mat Response v. Certified Waste Servs.*, 259 Kan. 166, 176-77 (1996); *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 485–86 (2020).

The Amended Complaint fails to allege facts supporting the elements of quantum meruit. Instead, the factual allegations establish only that Mr. Drazic and Mr. Renne are attorneys, that they discussed co-representation of several related matters, once, at a restaurant in Colorado, at some unspecified time, that they allegedly agreed to share a contingent fee "in a manner that was fair and reasonable," that Mr. Renne allegedly worked primarily from Virginia while Mr. Drazic worked primarily from Colorado, and that they "worked diligently" before the underlying matters settled and Mr. Renne received a contingent fee. Amend. Compl. ¶¶ 8-16. But these allegations do not identify **what** specific and impliedly agreed legal services Mr. Drazic allegedly performed, **which** such services **Mr. Renne requested** or accepted, or **how** any particular services were **rendered for Mr. Renne**, as opposed to the litigants themselves.

Indeed, the Amended Complaint never describes the nature, scope, or extent of Mr. Drazic's alleged services and, once again**, completely fails to allege any terms or conditions that could constitute a quantum meruit situation**. It does not identify any specifics of Mr. Drazic's work that was supposedly mutually agreed to, either expressly or impliedly. Nor does it allege facts showing acceptance by Mr. Renne for Mr. Drazic's particular services under specific terms, nor conditions or circumstances giving rise to an implied obligation to compensate him. Instead, the Amended Complaint alleges only – in the most general terms – that "the parties worked diligently in the subject matter lawsuits ..." Amend. Compl. ¶ 13. Such generalized allegations do not permit the Court to infer that Mr. Drazic rendered compensable services to Mr. Renne.

The decision in *Staltzer v. Am. Merch., Inc.*, 2020 U.S. Dist. LEXIS 223167, at *7 (W.D. Va. Nov. 30, 2020) is instructive. In that case, the court dismissed the plaintiff's claim for quantum

5

meruit under Virginia law because the amended pleading did not allege "what work Morse did for the defendants" and its allegations of the plaintiff's "ongoing efforts" were "not sufficient to infer mutual assent, terms, or conditions of an implied-in-fact contract." *Id*. at *10-11. Mr. Drazic's allegations in the Amended Complaint are similarly vague and fail to state plainly what specific "work" Mr. Drazic did on behalf of Mr. Renne or even the specific terms or conditions under which mutual assent and a promise to pay could be implied. Neither does the Amended Complaint connect the alleged amount to which Mr. Drazic claims he was entitled – i.e. $338,250.00 – to any identifiable terms, services, or conditions that he allegedly rendered to Mr. Renne. Amend. Compl. ¶ 15. In short, Mr. Drazic is asking the Court to infer that because the parties worked on the same matters and because Mr. Renne ultimately received a contingent fee, that he necessarily became obligated to pay Mr. Drazic a "split of the contingent fee recovered" in the precise sum of $338,250.00 in quantum meruit without any articulated terms, conditions, mutual assent or other circumstances supporting a legal obligation to pay. Amend. Compl. ¶ 22. The Amended Complaint simply fails to bridge this inferential gap.

Because the Amended Complaint does not plausibly allege that Mr. Drazic rendered compensable services to Mr. Renne under circumstances giving rise to an implied obligation to pay, Count I fails to state a claim upon which relief can be granted and should be dismissed, with prejudice, under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939 (2009) (explaining that a complaint does not meet Rule 8's pleading standard if it "tenders naked assertions devoid of further factual enhancement").

     **3.**     **Count II fails to state a claim for unjust enrichment because the Amended Complaint does not plausibly allege that Mr. Renne received, and unjustly retained, a compensable benefit conferred by Mr. Drazic.**

For substantially the same reasons as argued under Section 2, above, Count II fails to state a claim for unjust enrichment. The Court need not resolve the choice-of-law issue at this stage because the Amended Complaint fails to state a claim under the law of each potentially applicable jurisdiction. *Mission Integrated Techs., LLC v. Clemente*, 158 F.4th 554, 562 (4th Cir. 2025). Regardless of whether Colorado, D.C., Kansas or Virginia law applies, unjust enrichment requires factual allegations plausibly showing that (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant knew of and accepted or retained that benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying its value. See *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008); *Falconi-Sachs v. LPF Senate Square, LLC*, 142 A.3d 550, 556 (D.C. 2016); *Haz-Mat Response v. Certified Waste Servs.*, 259 Kan. 166, 177 (1996); *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 486 (2020).

The Amended Complaint fails to allege facts supporting the elements of a claim for unjust enrichment. First, the Amended Complaint does not plausibly allege that Mr. Drazic conferred a compensable benefit upon Mr. Renne. The factual allegations establish only that Mr. Drazic and Mr. Renne jointly represented clients in the "wind farm" matters, worked on those matters from their respective offices, and that the underlying litigation ultimately settled. Amend. Compl. ¶¶ 9–14. The Amended Complaint alleges **no facts** identifying any specific benefit that Mr. Drazic **conferred upon Mr. Renne**. It does not allege that he performed legal services on behalf of Mr. Renne at his request, discharged obligations owed by Mr. Renne, or otherwise provided services for Mr. Renne's benefit. Instead, the reasonable inference is that whatever Mr. Drazic did, he did **for the benefit of the litigants** in the underlying litigation and not for the other attorney. The mere fact that Mr. Renne ultimately received a contingent fee does not permit the Court, somehow, to infer that Mr. Renne received a benefit from Mr. Drazic that supports an unjust enrichment claim.

7

Second, the Amended Complaint does not plausibly allege that Mr. Renne **unjustly retained** any such benefit.  Mr. Drazic alleges only that Mr. Renne received a contingent fee from the settlement, later actually paid Mr. Drazic $30,000.00 that Mr. Drazic still retains, and declined to pay the larger amount  - $338,250.00 – that Mr. Drazic unilaterally calculated that he was owed. Amend. Compl. ¶¶ 13–16.  But the Amended Complaint **does not provide facts showing why equity required Mr. Renne to remit an additional $308,250.00** or how Mr. Drazic's claimed amount corresponds to any identifiable benefit that Mr. Renne retained.

Instead, Count II merely alleges that Mr. Renne "retained the value of the services of plaintiff, knowing that the plaintiff expected payment, and failed and refused to pay the 'fair and reasonable' value of the services thereof."  Amend. Compl. ¶ 30.  That allegation simply paraphrases the legal elements of unjust enrichment without pleading supporting facts.  It identifies no particular services, no specific benefit conferred upon Mr. Renne directly, and no factual basis from which the Court could reasonably infer that Mr. Renne's retention of a contingent fee constituted his *unjust* enrichment.  Instead, the Amended Complaint – like the original Complaint – repeatedly relies upon generalized assertions that the parties "worked diligently" in the underlying litigation and that Mr. Drazic believes he should receive a greater share of a **contingent fee** for which there is **no writing**.[1]  Amend. Compl. ¶¶ 13, 15–16.  Those allegations do not plausibly allege that Mr. Renne received and unjustly retained a benefit conferred by Mr. Drazic. Rule 8 requires more than the assertion that Mr. Renne possesses money that Mr. Drazic believes he should have received. See also, *Staltzer v. Am. Merch., Inc.*, 2020 U.S. Dist. LEXIS 223167, at

---

[1] As noted in Defendant's initial motion to dismiss, Model Rule of Professional Conduct 1.5(e) as well as the respective versions adopted by Colorado, D.C., Kansas and Virginia all require that an agreement to share a contingent fee, between lawyers who are not in the same firm, must be in writing.

\*7-8 (W.D. Va. Nov. 30, 2020) (dismissing unjust enrichment claim because it did "not plausibly allege that Morse conferred a benefit on CNS, or that either defendant reasonably expected to pay him.") Without factual allegations identifying the benefit allegedly conferred and without showing why Mr. Renne's retention of that benefit is inequitable, the Amended Complaint fails to state a plausible claim for unjust enrichment. Accordingly, Count II should be dismissed, with prejudice, pursuant to Rule 12(b)(6).

    **4.**      **Count III fails because Mr. Drazic does not allege the conversion of specific funds and cannot create an independent tort duty through the Rules of Professional Conduct.**

Under the rule stated in *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005), this Court must apply Virginia's choice of law rule. For the tort of conversion, the law of the place of the wrong governs the substantive rights of the parties. *Dreher v. Budget Rent-A-Car Sys., Inc.*, 272 Va. 390, 395 (2006). Only new paragraph 35 relates to the place of the alleged conversion when Mr. Drazic alleges that "the fees that were disputed were moved from defendant's escrow account to defendant's operating account while such were still disputed, which violates the rules of professional conduct in both Washington, D.C. and Kansas." Amend. Compl. ¶ 35. However, the Amended Complaint does not allege the location of Mr. Renne's law firm's bank accounts or where the transfer occurred; only that Mr. Renne is a member of the Kansas and D.C. bars and has an office in Virginia. Amend Compl. ¶¶ 6, 17 and 19. Nevertheless, the Court need not resolve the issue because Count III also fails under the law of every potentially applicable jurisdiction. See *Mission Integrated Techs., LLC v. Clemente*, 158 F.4th 554, 562 (4th Cir. 2025).

Regardless of whether Colorado, D.C., Kansas or Virginia supplies the substantive law, Mr. Drazic must allege facts plausibly showing that (1) he owned, or had the right to possess, specific identifiable property, and (2) Mr. Renne wrongfully exercised dominion or control over that

9

property.  See *Byron v. York Inv. Co.,* 133 Colo. 418, 424 (1956); *Poola v. Howard Univ.*, 147 A.3d 267, 284 n.17 (D.C. 2016); *Bomhoff v. Nelnet Loan Servs., Inc.*, 279 Kan. 415, 421 (2005); *Grayson v. Westwood Bldgs. L.P.*, 300 Va. 25, 73 (2021).  Where, as here, the property allegedly converted is money, Mr. Drazic must also allege that the funds were specific, segregated, or otherwise identifiable.  See *Cumulus Inv'r, LLC v. Bernardi*, 2022 U.S. Dist. LEXIS 242889, at *7–8 (E.D. Va. July 21, 2022).

The Amended Complaint fails to allege facts supporting the elements of conversion.  As in the original Complaint that was dismissed under Rule 12(b)(6), the Amended Complaint repeats the allegation that the parties "impliedly agreed to share the contingent fee under Renne's contract with the clients in a manner that was fair and reasonable." Amend. Compl. ¶ 10.  Mr. Drazic also repeats the allegation that "Renne obtained possession of the entire contingent fee" but "fail[ed] to deliver the funds … owed to Plaintiff…" Amend. Compl. ¶¶ 13, 33.  Just like the original Complaint, these allegations fail to plausibly allege a claim for conversion because they **do not identify any specific funds belonging to Mr. Drazic**, only an alleged entitlement to some undefined "fair and reasonable" amount.  The Amended Complaint also alleges, in conclusory fashion, that Defendant "was abundantly aware that Plaintiff had an attorney's lien in the funds recovered." Amend. Compl. ¶ 21.  But this allegation does not state any facts identifying the source, nature, or legal basis of any such lien, much less facts establishing that the alleged lien vested Mr. Drazic with ownership of, or the immediate right to possess, any specific portion of the settlement proceeds.  Nor does it even allege how Mr. Renne somehow knew of the alleged lien.

Moreover, Mr. Drazic's lone addition to the allegations under Count III also fails to cure these pleading deficiencies.  Mr. Drazic alleges that "the fees that were disputed were moved from defendant's escrow account to defendant's operating account while such were still disputed…"

10

Amend. Compl. ¶ 35.   But this allegation does not identify any specific, segregated funds belonging to Mr. Drazic that were allegedly converted.  To the contrary, Mr. Drazic characterizes the funds as "**disputed,**" thereby acknowledging that his entitlement to them had not been established.  Nor does the Amended Complaint allege where the accounts were maintained, that the funds remained segregated, or that any identified portion of those funds belonged to Mr. Drazic rather than to Mr. Renne or to the underlying clients.  In sum, these allegations do not plausibly allege Mr. Renne's wrongful exercise of dominion over specific, identifiable property belonging to Mr. Drazic, as required to state a claim for conversion.

Finally, as in the original Complaint, the Amended Complaint's attempt to recharacterize this fee dispute as conversion also fails because Mr. Drazic cannot manufacture a tort duty by invoking alleged violations of professional conduct rules because such ethical rules expressly disclaim any role as a basis for civil liability or private causes of action.  See e.g., Va. Rules of Pro. Conduct, Scope (Va. State Bar 2025) ("Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached…"; D.C. Rules of Prof. Conduct, Scope ¶ 4 (D.C. Bar 2025) ("Nothing in these Rules, the Comments associated with them, or this Scope section is intended to enlarge or restrict existing law regarding the liability of lawyers to others…"); Kansas Rules of Prof. Conduct, Scope ¶ 20 (Kansas Bar Assoc. 2021) ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached… They are not designed to be a basis for civil liability."); Model Rules of Prof. Conduct, Scope ¶ 20 (Am. Bar Ass'n 1983) ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached"); see also, *Hizey v. Carpenter*, 119 Wash. 2d 251, 258, 830 P.2d 646, 650 (1992) ("Neither the CPR [former Code of

Professional Responsibility] nor the RPC [the Rules of Professional Conduct] purports to set the standard for civil liability.")  In other words, the issue is not whether attorneys owe ethical duties under the Rules of Professional Conduct.  The issue is whether those disciplinary rules create a private tort duty supporting a conversion claim.  The Rules themselves **expressly reject that proposition**.  Absent allegations identifying specific property belonging to Mr. Drazic and the wrongful exercise of dominion over that property by Mr. Renne, Count III fails to state a claim and should be dismissed with prejudice.

### 5.    In the alternative, under 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of Kansas.

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the case might have been brought.  *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Services, Inc.,* 791 F.3d 436, 444 (4th Cir. 2015).  The Fourth Circuit considers four principal factors in evaluating transfer: (1) plaintiff's choice of forum; (2) witness convenience and access to proof; (3) convenience of the parties; and (4) the interests of justice.  *Id*.  As set forth in the Declaration of Defendant James Renne, attached as Exhibit A, the events giving rise to this dispute occurred in Kansas, the operative witnesses and documents are located there, and Kansas is the more appropriate and convenient forum for resolution of this matter.

In this case, Mr. Drazic's choice of forum is entitled to diminished deference in the § 1404(a) analysis.  Mr. Drazic alleges he is a citizen of Colorado, not Virginia.  Amend. Compl. ¶ 5.  Although the Amended Complaint alleges that Mr. Renne performed most of his work from his Virginia office and Mr. Drazic performed most of his work from his Colorado office, those allegations merely identify the locations from which the attorneys worked.  Amend. Compl. ¶¶ 11– 12.  They do not establish that the operative events giving rise to this matter occurred in Virginia

or otherwise bear a meaningful connection to this forum.  The dispute concerns the parties' alleged entitlement to attorney's fees generated by the underlying "wind farm" litigation, not the geographic location of the attorneys' respective offices.  Accordingly, because the Eastern District of Virginia is neither Mr. Drazic's home forum nor the nucleus of the operative facts, his choice of forum is entitled to reduced deference.  See, e.g., *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005) ("When the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight.")

Witness convenience and access to proof supports transferring this case to the United States District Court for the District of Kansas.  The Amended Complaint alleges only that Mr. Drazic performed "all or most of the activities" from his office in Grand Junction, Colorado.  Amend. Compl. ¶ 12.  He does not allege that the underlying clients, witnesses, settlement negotiations, or relevant documentary evidence are located in Colorado.  Likewise, the allegation that Mr. Renne worked from Virginia says nothing about where the relevant evidence or non-party witnesses are located.  Amend. Compl. ¶ 11.  By contrast, as set forth in Defendant's Declaration, the underlying litigation, the clients, and the principal witnesses are centered in Kansas.  Renne Decl. ¶¶ 2-3.  Accordingly, the convenience of witnesses and access to sources of proof weigh in favor of transfer to the District of Kansas.

The third factor – convenience of the parties – also favors transfer to the District of Kansas.  Although Mr. Renne maintains an office in Virginia, he is licensed in Kansas, practices there, represented Kansas clients in the underlying matters, and owns property there.  Amend. Compl. ¶¶ 6, 11; Renne Decl. ¶¶ 1, 4.  Thus, the fact that Mr. Renne also maintained a Virginia office does not outweigh Kansas's substantially greater connection to the underlying dispute.

The fourth factor – the interests of justice – also favors transfer to the District of Kansas. The newly added allegations that Mr. Drazic worked from Colorado and Mr. Renne worked from Virginia do not alter the center of gravity of this dispute. Regardless of where counsel performed portions of their work, this action arises from the allocation of attorney's fees generated by Kansas litigation involving Kansas clients and Kansas property and specifically concerns the terms under which those Kansas cases were settled, including the payment of a contingency-based fee to Mr. Renne. Renne Decl. ¶¶ 1, 2. Adjudication in Kansas would promote judicial efficiency by situating the case in the forum most closely connected to the events at issue and the likely witnesses, while avoiding unnecessary litigation in a forum which, at best, is only tangentially connected to the underlying dispute.

Accordingly, if the Court declines to dismiss the Complaint under Rule 12(b)(6), Mr. Renne respectfully submits that this action should be transferred to the United States District Court for the District of Kansas.

WHEREFORE, Defendant Renne respectfully requests that the Court

(a) dismiss the Amended Complaint in its entirety, with prejudice, for failure to state a claim under Rule 12(b)(6), or

(b) in the alternative, and only if the Court determines dismissal is not warranted, transfer this action to the United States District Court for the District of Kansas, and

(c) provide any further relief that the Court deems just and proper.

14

Respectfully submitted,

JAMES L. RENNE
*By Counsel*

      /s/ John Isaac Post
John Isaac Post (VSB No. 82529)
ISAAC POST LAW PLLC
1800 Diagonal Rd., Ste 604
Alexandria, VA 22314
T (571) 249-1135
F (571) 249-1193
ipost@isaacpostlaw.com

15