IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BLAIR DRAZIC,                 |

      Plaintiff,           |

v.                      |        Civil Action No. 1:25-cv-02406-PTG-LRV

JAMES RENNE,           |

      Defendant.      |

_____|

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
HIS MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant James Renne, by counsel and pursuant to E.D. Va. Loc. Civ. R. 7(F)(1), makes

the following arguments in further support of his Motion to Dismiss Plaintiff Drazic's Amended

Complaint, or in the Alternative, to Transfer Venue.

**INTRODUCTION**

Mr. Drazic's Opposition confirms what the Amended Complaint already suggested: despite

dropping his breach-of-contract claims, Mr. Drazic continues to view this case as a dispute over

his alleged 'share' of an alleged attorney fee-sharing agreement. *See* Amend. Compl. ¶ 10 ("The

parties impliedly agreed to share the contingent fee under Renne's contract with the clients…")

and Opp. at 3 ("The agreement was that the fees would be shared.") Yet, Mr. Drazic simultaneously

admits there is no such written agreement. *See* Opp. at 1 ("This case is before the Court without a

written agreement…") Though Mr. Drazic labels his amended claims as quantum meruit, unjust

enrichment and conversion, the Opposition confirms that the Amended Complaint still fails to

allege the facts necessary to state plausible claims for relief.

1

**1.      The Opposition still does not identify the missing facts necessary to state plausible claims for relief.**

Mr. Renne's Motion identified three categories of factual allegations that are essential to Mr. Drazic's claims.  The Opposition never identifies those allegations because they do not appear in the Amended Complaint.

First, the Amended Complaint never alleges **what** compensable legal services Mr. Drazic allegedly rendered to Mr. Renne.  The Opposition responds by asserting that Mr. Renne "requested services" and that Mr. Drazic "performed those services."  Opp. at 3.  But those are not allegations found in the Amended Complaint and are insufficient in that they are entirely conclusory in nature. Paragraph 9 alleges only that the parties met to discuss the "logistics of the co-representation," while paragraphs 12 and 13 merely state that Mr. Drazic performed unspecified "activities."  The Opposition's characterization of the Amended Complaint cannot substitute for factual allegations that the Amended Complaint itself never pleads.

Second, the Amended Complaint never alleges facts showing **how** Mr. Renne, as opposed to the underlying "wind farm" clients, received a compensable benefit from Mr. Drazic's "activities." Again, the Opposition simply asserts that "Defendant received the benefit of plaintiff's work."  Opp. at 4.  That conclusion is not supported by any factual allegations in the Amended Complaint.

Third, the Amended Complaint never alleges facts explaining **why** Mr. Drazic is entitled to recover $338,250.00 rather than some other amount.  The Opposition likewise never points to any factual basis for that figure.

Finally, the Opposition asserts that the Court may impose an implied contract and then, somehow, address "the level of recovery (damages)."  Opp. at 2.  But this simply assumes the very proposition that the Amended Complaint must plausibly allege:  that Mr. Renne became legally

obligated to compensate Mr. Drazic for the reasonable value of legal services Mr. Drazic allegedly rendered to Mr. Renne.  Whether such an obligation exists is the central issue presented by Counts I and II.  And before the Court can consider how much Mr. Drazic may recover, he must first plead facts establishing that he is entitled to recover under a recognized cause of action.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that the "plausibility standard … requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of 'entitlement to relief.'")  That is precisely the pleading deficiency identified in Mr. Renne's Motion – a deficiency the Amended Complaint still does not cure and the Opposition never answers.

 2. **The Opposition confirms that Count III alleges only a dispute over money allegedly owed, not conversion.**

The Opposition likewise confirms that Count III fails.  First, Mr. Drazic argues that Mr. Renne had a duty to pay him "**almost any sum of money** that would have been reasonable."  Opp. at 5.  That argument describes a dispute over the amount Mr. Drazic believes Mr. Renne should have paid him, **not the conversion of property** belonging to Mr. Drazic.  The Opposition still does not identify any specific money or segregated fund in which Mr. Drazic had an ownership interest or immediate right to possession.

Second, the Opposition cuts-and-pastes pages of text from various rules of professional conduct and then asserts that violating ethical Rule 1:15 "is the tort of conversion."  Opp. at 11.  Then, the Opposition recycles its remarkable assertion that no case citations are needed to support that argument.  *Id*.  But the Opposition never addresses the fact that each of the cited Rules of Professional Conduct **expressly states that it does not create civil liability or a private cause of action**.

3

**3.    If the Court reaches Mr. Renne's alternative request, the Opposition confirms that Kansas remains the center of the underlying dispute.**

Should the Court reach Mr. Renne's alternative request, nothing in the Amended Complaint nor the Opposition alters the transfer analysis. Although Mr. Drazic characterizes the underlying litigation as "all but irrelevant," the Amended Complaint itself seeks compensation for work allegedly performed in connection with the Kansas "wind farm" litigation, which the Opposition acknowledges "took place predominantly in Kansas." Opp. at 12. The convenience of witnesses and the interests of justice therefore continue to favor transfer should dismissal be denied.

## CONCLUSION

The Court has already afforded Mr. Drazic an opportunity to cure these pleading deficiencies. The Opposition confirms that the Amended Complaint still does not contain the factual allegations necessary to state a plausible claim for relief. Accordingly, Mr. Renne respectfully requests that the Court dismiss the Amended Complaint, in its entirety, with prejudice

Respectfully submitted,

JAMES L. RENNE
*By Counsel*

/s/ John Isaac Post
John Isaac Post (VSB No. 82529)
ISAAC POST LAW PLLC
1800 Diagonal Rd., Ste 604
Alexandria, VA 22314
T (571) 249-1135
F (571) 249-1193
ipost@isaacpostlaw.com

4