**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BLAIR DRAZIC,**<br>**PLAINTIFF,**<br><br>**v.**<br><br>**JAMES RENNE,**<br><br>**DEFENDANT.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE #:1:25-cv-2406-PTG-LRV** |

## SECOND AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendant, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Blair Drazic, an individual, against Defendant, James Renne, for breach of express or implied contract.

## JURISDICTION, VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy, excluding attorney fees and costs, exceeds $75,000.00.
2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.
3. Venue is properly laid in this jurisdiction pursuant to 28 U.S.C. § 1391(b) and (c).
4. The Defendant transacts business in the Eastern District of Virginia, and should expect to be haled into this court.

**PARTIES**

5. Plaintiff, Blair Drazic ("Plaintiff"), is a natural person and is a citizen of the State of Colorado.
6. Defendant, James Renne ("Defendant" or "Renne"), is a natural person and citizen of the Commonwealth of Virginia, with offices in Virginia.
7. Defendant can be served at his offices, 4201 Wilson Blvd, Suite 110521, Arlington, VA 22203.

**FACTS**

8. Plaintiff and defendant are both lawyers.
9. Defendant met with plaintiff and plaintiff's wife at a restaurant called "Bostons" in Grand Junction, Colorado, and the two discussed the logistics of the co-representation for several related matters ("the wind farm cases").
10. The parties impliedly agreed to share the contingent fee under Renne's contract with the clients in a manner that was fair and reasonable.
11. Defendant performed all or most of the activities in his office in Virginia.
12. Plaintiff performed all or most of the activities in his office in Grand Junction, Colorado.
13. The parties worked diligently in the subject matter lawsuits to resolve the matters. Plaintiff never actually saw the retainer agreement with the underlying clients, as defendant was the attorney licensed in Kansas. However, the defendant asked plaintiff to draft an agreement in which both plaintiff and defendant were named as counsel, and awarded 33 1/3 % contingent fee and the fee increased to 40% if the matter went past summary judgment.
    **a.** As an initial matter, the first case was filed in D.DC, 1:20cv-1317-TSC, *Mattwaoshshe et al v. NextEra Energy, Inc et al*. The listing of actions by plaintiff is not an exhaustive list, and other actions were taken.

**i.** Plaintiff researched and drafted the initial complaint and motion for TRO.

**ii.** At defendant's request, plaintiff began drafting and editing

**1.** the response to defendants motion to dismiss.

**2.** the response to the motion to show cause why the case should not be transferred to D.Kansas.

**3.** the motion for leave to file amended complaint and supplemental response to Order to Show Cause.

**4.** the response to the motion to dismiss the amended complaint.

**5.** The motion to certify class or postpone certification (this motion being prior to the holding in *Trump v. CASA, Inc*, 606 US 831 (2025) was an attempt at larger relief.)

**b.** Plaintiff then worked on Renne v. NextEra Energy, Inc, 5:21-cv-4032 in D. Kan. As an initial matter, the court should note that defendant here was named plaintiff in that case as proposed class action representative. The listing of actions by plaintiff is not an exhaustive list, and other actions were taken.

**i.** At defendant's request, plaintiff drafted and/or edited

**1.** Proposed amended complaint.

**2.** Response to defendant's motion to dismiss for lack of jurisdiction and failure to state a claim.

**3.** Response to defendant's motion to dismiss second amended complaint for lack of jurisdiction and failure to state a claim.

**4.** Joint motion for protective order.

5. Assisted in reviewing the settlement agreement.

ii. Appeared at

1. Deposition of James Renne
2. Deposition of John Hodgson
3. Deposition of All defendants.
4. Deposition of Several third party witnesses.
5. Mediation.

c. Plaintiff then worked on *Bloom et al v. NextEra Energy, Inc*, 5:21-cv-4058 in D. Kan. The listing of actions by plaintiff is not an exhaustive list, and other actions were taken. In that case, plaintiff

i. At defendant's request, assisted in drafting and/or edited

1. Amended complaint
2. Memorandum in opposition to motions to dismiss by several defendants.
3. Protective order and order regarding electronically stored information.
4. Response to discovery.
5. Assisted in reviewing the Settlement agreement.

ii. At defendant's request, appeared and attended

1. Deposition of plaintiff
2. Deposition of defendants.
3. Deposition of third party witnesses.
4. Mediation.

**d.** Plaintiff then worked on *Stallbaumer v. NextEra Energy, Inc*, 5:22-cv-4031 in D. Kan. The listing of actions by plaintiff is not an exhaustive list, and other actions were taken. In that case, plaintiff

**i.** At defendant's request, assisted in drafting and/or edited

**1.** Initial complaint and amended complaint.

**2.** Memorandum in opposition to motions to dismiss by several defendants.

**3.** Discovery motion email

**4.** Protective order and order regarding electronically stored information.

**5.** Response to discovery.

**6.** Assisted in reviewing the Settlement agreement.

**ii.** At defendant's request, appeared and attended

**1.** Discovery Motion hearing.

**2.** Deposition of plaintiff

**3.** Deposition of defendants.

**4.** Deposition of third party witnesses.

**5.** Mediation.

**e.** In the course of litigating these 4 cases, there were more than 900 emails between plaintiff and defendant, discussing the 4 cases, and motions and hearings, including the tactics and strategies to be used at each stage. This does not include emails with opposing counsel.

**f.** During the course of the litigations, there were at least 1,000 text messages between the parties. This does not include text messages with opposing counsel.

**g.** During the course of the litigations, there were at least 500 phone calls between the parties, not including calls with opposing counsel, relevant courts, witnesses and other persons.

14. The matters were settled on confidential terms and Renne obtained possession of the entire contingent fee. Plaintiff will file the underlying settlement agreements with the court if necessary subject to a protective order due to the confidentiality clause.

15. The matters settled for a confidential, substantial sum.

16. Plaintiff calculated the appropriate fees for the matter that would be due to plaintiff at $338,250.00.

17. Upon the completion of the settlement of the underlying matters, defendant offered to pay the sum of $30,000.00, a shortfall of $308,250.00.

18. Drazic contacted Renne repeatedly and requested to discuss the split of the contingent fee recovered. Renne refused.

19. After 2 years of litigation, Renne met with plaintiff to discuss the fee in May 2022. Renne agreed that estimated fee for Drazic would exceed $250,000.00.

20. Rather than delivering the amount Drazic was entitled to receive Defendant took it upon himself to determine Drazic's fee then sent him a grossly insufficient check but put the notation on the check that it was full and final payment which, if cashed, may constitute an accord and satisfaction.

21. Thereafter, Plaintiff made demand that Defendant agree that Plaintiff could cash the check without an accord and satisfaction and Defendant refused. As a result, plaintiff, not willing to

take a chance on waiving such a large amount of fees, has not deposited the proffered funds, and has not been paid at all.

**COUNT ONE:**
**Breach of Implied Contract – QUANTUM MERUIT**

22. Plaintiff restates and re-alleges all previous paragraphs herein.
23. Defendant has breached the terms of an implied contract – Quantum Meruit - in that defendant performed services with the expectation of payment and was not paid a "fair and reasonable" sum.
24. Plaintiff is entitled to actual damages and costs.

**COUNT TWO:**
**Breach of Implied Contract – UNJUST ENRICHMENT**

25. Plaintiff restates and re-alleges all previous paragraphs herein.
26. Defendant has breached the terms of an implied contract –Unjust enrichment – in that defendant has retained the value of the services of plaintiff, knowing that the plaintiff expected payment, and failed and refused to pay the "fair and reasonable" value of the services thereof.
27. Plaintiff is entitled to actual damages and costs.

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for actual damages, pre and post judgment interest at the statutory rate, and costs.

**BLAIR DRAZIC**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSB# 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax

CERTIFICATE OF SERVICE

I hereby certify that on this 21 August 2026 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**John Isaac Post, Esq.**
**Counsel for James Renne.**

And to the following non-filing users:

NONE

__________/s/________________
Jason M. Krumbein, Esq. VSB# 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
(804) 592-0792 - Telephone
(804) 823-2565 – Facsimile