**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| BLAIR DRAZIC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RENNE,<br><br>Defendant. | Civil Action No. 1:25-cv-02406-PTG-LRV |

**DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant James Renne, by counsel and pursuant to E.D. Va. Loc. Civ. R. 7(F)(1), submits this Brief in Support of his Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, this Court should grant Mr. Renne's Motion and dismiss Plaintiff Drazic's Second Amended Complaint, in its entirety, with prejudice.

## I INTRODUCTION

This is Mr. Drazic's **third attempt** to state a viable claim against Mr. Renne. Yet, after multiple opportunities to plead his claims, the Second Amended Complaint remains woefully deficient. Mr. Drazic has responded to the prior pleading deficiencies principally by adding nearly four pages of repetitive and vague allegations describing various legal tasks he allegedly performed. But the length of those allegations does not supply the critical facts necessary to state plausible claims for quantum meruit or unjust enrichment.

Indeed, the Second Amended Complaint affirmatively **alleges that Mr. Renne paid Mr. Drazic $30,000 for his work**. Mr. Drazic nevertheless contends, in conclusory fashion, that the

payment was "grossly insufficient" and seeks $338,250 as his total compensation. Yet Mr. Drazic alleges no facts whatsoever explaining **why** the $30,000 payment was inadequate, **why** the reasonable value of his alleged services exceeded that amount, **what** benefit Mr. Renne allegedly retained without paying for its value, or **why** the circumstances surrounding the parties' dealings made Mr. Renne's retention of any alleged benefit unjust or inequitable. Mr. Drazic's assertion that he performed legal work and **wanted to be paid more** than he received is not a substitute for factual allegations plausibly establishing an entitlement to recover an additional $308,250.

The Second Amended Complaint thus leaves the Court with the same fundamental deficiency presented by Mr. Drazic's prior pleadings: Mr. Drazic identifies services he allegedly performed, and an amount he now wishes he had received, but alleges no facts connecting the two. The Federal Rules do not permit a plaintiff to proceed to discovery based upon conclusory assertions that an admittedly substantial payment was insufficient. Because the Second Amended Complaint still fails to allege sufficient factual matter to support a plausible claim for quantum meruit or unjust enrichment, Counts I and II must be dismissed, with prejudice, pursuant to Rule 12(b)(6).

## II ARGUMENT

### 1. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege a plausible claim for relief," a standard requiring more than merely stating a legal claim in conclusory terms. *McCleary-Evans v. Md. DOT*, 780 F.3d 582, 585-88 (4th Cir. 2015) (contrasting Rule 8(a)'s pleading standard as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) with the older interpretation stated in *Conley v. Gibson*, 355 U.S. 41 (1957)). A plausible claim for relief means one that contains sufficient factual content to "allow

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019). Notably, "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *Id.* (citing *Iqbal* at 678).

### 2. Virginia's Choice-of-Law Rules Govern the Determination of Which State's Substantive Law Applies

Because this Court sits in diversity, it applies Virginia's choice-of-law rules. *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005). The Virginia Supreme Court has not established a clear choice of law rule specifically for claims sounding in quantum meruit or unjust enrichment. This Court has noted that while "*quantum meruit* claims sound in contract," courts have sometimes applied the law of the **place of contracting** and sometimes the law of the **place of performance**. *Northstar Aviation, LLC v. Alberto*, 2018 U.S. Dist. LEXIS 235042, at *9-10 (E.D. Va. Oct. 25, 2018) (J Ellis); see also *Arkla Lumber & Mfg. Co. v. W. Va. Timber Co.*, 146 Va. 641, 650 (1926) ("Everything relating to the *making* of the contract is to be governed by the law of the place where it was made; everything relating to the *performance* of the contract is to be controlled by the law of the place of performance.") This Court has also noted that courts have differed on whether unjust enrichment sounds in contract, in which case Virginia's *lex loci contractus* rule applies, or tort, in which case Virginia's *lex loci delicti* rule applies. *Northstar Aviation* at *8.

The Second Amended Complaint principally identifies Colorado as the location of the place of contracting, the place of performance and the place of the alleged injury. Mr. Drazic alleges that he is a citizen of Colorado, that the parties discussed their alleged co-representation of the "wind farm cases" in Colorado, and that he performed all or most of the activities for which he seeks compensation from his office in Grand Junction, Colorado. Second Am. Compl. ¶¶ 5, 9 and

12. Thus, because the alleged implied obligation to pay arises from Mr. Drazic's alleged performance of services at Mr. Renne's request, the allegation that Mr. Drazic performed all or most of those services in Grand Junction, Colorado strongly supports application of Colorado law under Virginia's quantum meruit choice-of-law principles. For unjust enrichment, under *lex loci contractus*, the same allegations supporting application of Colorado law to Mr. Drazic's quantum-meruit claim support application of Colorado law to unjust enrichment: the alleged relationship arose from Mr. Drazic's alleged performance of legal services, which he acknowledges he performed "all or most" from his office in Grand Junction, Colorado. Under *lex loci delicti*, however, Mr. Drazic's allegation that he is a Colorado citizen further supports an inference that he suffered any economic injury, arising from Mr. Renne's alleged failure to compensate him, in Colorado. Thus, under either approach identified in *NorthStar Aviation*, the allegations of the Second Amended Complaint support application of Colorado law to the unjust enrichment claim.

The Second Amended Complaint also contains some allegations connecting the claims to Virginia and Kansas. It alleges, for example, that Mr. Renne performed "all or most" of his activities in Virginia, although it does not identify any such activities that were relevant to the alleged obligation to provide Mr. Drazic additional compensation. Second Am. Compl. ¶ 11. And although the underlying "wind farm" matters were pending in Kansas, *id*. ¶ 13(b)–(d), the Second Amended Complaint does not allege that Mr. Drazic performed the services for which he seeks compensation in Kansas. Thus, under any of the approaches recognized in *Northstar Aviation*, the allegations point most directly to Colorado. In any event, the choice-of-law question need not be definitively resolved at the pleading stage because Mr. Drazic's claims fail under Colorado, Kansas, and Virginia law. See *Mission Integrated Technologies, LLC v. Clemente*, 158 F.4th 554,

562 (4th Cir. 2025) (explaining that a court "need not resolve the choice-of-law question at all if it makes no discernable difference to the relevant analysis in the case at bar.")

**3. Count I fails to state a claim for quantum meruit because the Second Amended Complaint alleges no facts supporting an implied obligation to pay Mr. Drazic additional compensation beyond the $30,000 he admittedly received.**

Under Colorado law, the elements of a claim for quantum meruit and unjust enrichment are identical: that "(1) a benefit was conferred by the plaintiff; (2) on the defendant; (3) under circumstances which would make retention of the benefit unjust." *Cahey v. IBM*, 2021 U.S. Dist. LEXIS 222701, at *40-41 (D. Colo. Nov. 18, 2021). "Whether retention of the benefit is unjust is a fact-intensive inquiry in which courts look to, *among other things*, the intentions, expectations, and behavior of the parties." *Id*. at *41. Kansas, too, provides that the elements of quantum meruit and unjust enrichment are the same: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Haz-Mat Response v. Certified Waste Servs.*, 259 Kan. 166, 176-77 (1996). Under Virginia law, quantum meruit is a claim based on an implied-in-fact contract and applies where a plaintiff performs services at the instance and request of another under circumstances in which the law implies a promise to pay reasonable compensation. *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 485-86 (2020) (quoting *Mongold v. Woods*, 278 Va. 196, 203 (2009)). The remedy is the reasonable value of the work performed, less compensation actually received for that work. *Id*. at 485.

Applying Colorado and Kansas law, the Second Amended Complaint fails to allege facts plausibly establishing the third element of a claim for quantum meruit, that Mr. Renne's retention of any benefit conferred by Mr. Drazic's legal services was unjust or inequitable. The Second

Amended Complaint alleges that Mr. Drazic performed various legal tasks in connection with the wind farm cases, including drafting pleadings and briefs, responding to discovery, communicating regarding the cases, and attending depositions. Second Am. Compl. ¶ 13(a)-(g). It further alleges that the cases were ultimately settled on confidential terms and that Mr. Renne obtained possession of the contingent fees. *Id.* ¶¶ 14-15. But the Second Amended Complaint does not allege facts concerning the **nature, extent, or value** of Mr. Drazic's particular work in relation to the settlements, or **facts connecting his work to any particular benefit** Mr. Renne realized from the settlements and contingent fees. More fundamentally, Mr. Drazic affirmatively alleges that **Mr. Renne paid him $30,000** for his services. *Id.* ¶¶ 17, 20. But the Second Amended Complaint alleges no facts concerning the parties' communications, expectations, course of dealing, the scope or value of his services, or any other circumstances from which the Court could plausibly infer that Mr. Renne's retention of the benefit of Mr. Drazic's services, **after making that $30,000 payment**, was unjust or inequitable. Mr. Drazic's conclusory characterization of the $30,000 payment as "grossly insufficient" does not itself supply the factual circumstances required to support such an inference. *Id.* ¶ 20.

Virginia law leads to the same result through a different doctrinal framework. As noted above, a claim for quantum meruit seeks recovery based upon the reasonable value of services provided pursuant to an implied-in-fact contract, and the available remedy is "an award of damages amounting to the reasonable value of the work performed, less the compensation actually received for that work." *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 485 (2020) (quoting *Mongold v. Woods*, 278 Va. 196, 203 (2009)). The Second Amended Complaint, therefore, must allege facts supporting a plausible inference that the reasonable value of Mr. Drazic's legal services exceeded the $30,000 that he admittedly received from Mr. Renne. It does not. Again, as noted, Mr. Drazic

identifies various legal tasks he allegedly performed, but alleges **no facts** concerning the extent, nature, or value of those services from which the Court could reasonably infer that **their reasonable value exceeded $30,000**. Nor does Mr. Drazic allege facts concerning the parties' communications or expectations regarding compensation, or any other circumstances explaining **why** the amount Mr. Renne paid did not constitute reasonable compensation for the work Mr. Drazic allegedly performed. The conclusory allegation that the $30,000 payment was "grossly insufficient" cannot, standing alone, bridge that factual gap.

*Sullivan v. Leor Energy LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (affirming dismissal of plaintiff's claims with prejudice), provides a persuasive illustration of this pleading deficiency. There, plaintiff Sullivan alleged that the defendant energy company had promised to sign an employment agreement making him CEO, and that Sullivan therefore began working for the company but was soon terminated without cause. *Id*. at 546. Though he initially sued in state court, "asserting claims under Texas state law for breach of contract, quantum meruit, unjust enrichment, fraud, equitable and promissory estoppel, and detrimental reliance," the energy company removed the lawsuit to federal court. *Id*. Of crucial relevance is the fact that Sullivan acknowledged that "he received a salary from Leor but contends that this does not preclude him from recovering under a quantum meruit theory since he was not 'fully compensated' by Leor." *Id*. at 550. The district court and the Fifth Circuit disagreed. The court explained that because Sullivan had alleged that the defendant energy company had "paid him a salary" but failed to allege "facts suggesting that the salary was unreasonable" that he had failed to state a claim for quantum meruit. *Id*. Of further relevance, the court went on to explain that "quantum meruit cannot be used to enforce the terms of an unsigned draft of a contract, and Sullivan has alleged no facts showing that the salary was not the 'reasonable value' for the services he rendered." *Id*.

The same problems are present here. First, the Second Amended Complaint alleges that Mr. Renne asked Mr. Drazic to draft an agreement naming both parties as counsel and providing for a 33⅓ % contingent fee, increasing to 40 % if a matter proceeded beyond summary judgment. Second Am. Compl. ¶ 13. But the Second Amended Complaint never alleges that the proposed agreement was executed, became operative, or otherwise established Mr. Drazic's entitlement to a particular share of the contingent fees. Indeed, Mr. Drazic alleges that he "never actually saw the retainer agreement with the underlying clients." Id. ¶ 13. Nor does the Second Amended Complaint refer to the proposed agreement again or allege that its compensation provisions were ever adopted or relied upon. As in *Sullivan*, however, Mr. Drazic fails to allege facts establishing that he was entitled to compensation **beyond what he actually received**. Second, and crucially, Mr. Drazic acknowledges that **Mr. Renne paid him $30,000** for the services he performed, but alleges no facts from which the Court can plausibly infer either that the reasonable value of those services exceeded the amount already received or that Mr. Renne's retention of any benefit from those services, after making that payment, was unjust or inequitable. Accordingly, Count I should be dismissed, with prejudice, pursuant to Rule 12(b)(6).

**4. Count II fails to state a claim for unjust enrichment because the Second Amended Complaint alleges no facts supporting an inference that Mr. Renne retained any benefit conferred by Mr. Drazic without paying for its value, given Mr. Drazic's admitted receipt of $30,000.**

As noted above, under Colorado law, unjust enrichment requires proof that "(1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). Whether retention of a benefit is unjust requires consideration of the particular circumstances surrounding the parties' relationship. *Cahey v. IBM*, 2021 U.S. Dist. LEXIS 222701, at *41 (D. Colo. Nov. 18, 2021). Under Kansas law, a plaintiff

must establish "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 177 (1996). Under Virginia law, a plaintiff must establish "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff; and (3) the defendant accepted or retained the benefit without paying for its value." *James G. Davis Constr. Corp. v. FTJ, Inc.*, 298 Va. 582, 597 (2020). "The measure of recovery for unjust enrichment is limited to the benefit realized and retained by the defendant," rather than the reasonable value of the services rendered. *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 486 (2020). Although the formulations differ somewhat, each jurisdiction requires facts supporting an inference that Defendant received and retained a benefit under circumstances making it unjust or inequitable for Defendant to retain that benefit without further compensation.

Whether applying Colorado, Kansas, or Virginia law, the Second Amended Complaint fails to allege facts plausibly establishing that Mr. Renne accepted or retained a benefit conferred by Mr. Drazic under circumstances making it unjust or inequitable for Mr. Renne to retain that benefit without further compensation. Even assuming Mr. Drazic's alleged legal work conferred a benefit on Mr. Renne and that he knew of that benefit, the Second Amended Complaint alleges no facts supporting an inference that Mr. Renne retained any benefit for which he had not already paid Mr. Drazic. To the contrary, Mr. Drazic **affirmatively alleges that Mr. Renne paid him $30,000** for his services. Second Am. Compl. ¶¶ 17, 20. Yet, beyond the conclusory assertion that this payment was "grossly insufficient," the Second Amended Complaint identifies no facts concerning the benefit Mr. Renne allegedly realized or retained from Mr. Drazic's services or the extent to which

Mr. Renne allegedly retained that benefit after making the $30,000 payment. Nor does it allege facts concerning the parties' communications, expectations, or other circumstances that would permit the Court to plausibly infer that Mr. Renne's retention of the alleged benefit was unjust or inequitable.

Again, *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 550 (5th Cir. 2010) provides a persuasive illustration, this time of the separate pleading deficiency in Mr. Drazic's unjust-enrichment claim. There, Sullivan acknowledged that he had been paid a salary for his services but alleged that he had not been fully compensated. *Id*. at 550. The Fifth Circuit affirmed dismissal of his unjust enrichment claim because he had "alleged no facts suggesting that Leor was unjustly enriched when it paid Sullivan only a salary for his services." *Id*. Similarly here, even assuming Mr. Drazic's services conferred a benefit on Mr. Renne, Mr. Drazic's allegation that he performed legal work and that Mr. Renne ultimately received the contingent fee **does not**, by itself, support an inference that Mr. Renne was unjustly enriched, particularly where Mr. Drazic affirmatively alleges that Mr. Renne paid him $30,000 for those services. Second Am. Compl. ¶¶ 17, 20. The Second Amended Complaint alleges no facts explaining **why that payment failed to compensate Mr. Drazic** for the value of the benefit Mr. Renne allegedly received or otherwise rendered Mr. Renne's retention of that benefit unjust or inequitable. Accordingly, Count II should be dismissed, with prejudice, pursuant to Rule 12(b)(6).

**5. In the alternative, under 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of Kansas.**

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the case might have been brought. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Services, Inc.,* 791 F.3d 436, 444 (4th Cir. 2015). The Fourth Circuit considers four principal factors in evaluating

transfer: (1) plaintiff's choice of forum; (2) witness convenience and access to proof; (3) convenience of the parties; and (4) the interests of justice. 791 F.3d at 444. As set forth in the Declaration of Defendant James Renne, attached as Exhibit A, the events giving rise to this dispute occurred in Kansas, the operative witnesses and documents are located there, and Kansas is the more appropriate and convenient forum for resolution of this matter.

In this case, Mr. Drazic's choice of forum is entitled to diminished deference in the § 1404(a) analysis. Mr. Drazic alleges he is a citizen of Colorado, not Virginia. Second Am. Compl. ¶ 5. Although the Second Amended Complaint alleges that Mr. Renne performed most of his work from his Virginia office and Mr. Drazic performed most of his work from his Colorado office, those allegations merely identify the locations from which the attorneys worked. Second Am. Compl. ¶¶ 11–12. They do not establish that the operative events giving rise to this matter occurred in Virginia or otherwise bear a meaningful connection to this forum. The dispute concerns the parties' alleged entitlement to attorney's fees generated by the underlying "wind farm" litigation, not the geographic location of the attorneys' respective offices. Accordingly, because the Eastern District of Virginia is neither Mr. Drazic's home forum nor the nucleus of the operative facts, his choice of forum is entitled to reduced deference. See, e.g., *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005) ("When the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight.")

Witness convenience and access to proof supports transferring this case to the United States District Court for the District of Kansas. The Second Amended Complaint alleges only that Mr. Drazic performed "all or most of the activities" from his office in Grand Junction, Colorado. Second Am. Compl. ¶ 12. He does not allege that the underlying clients, witnesses, settlement

negotiations, or relevant documentary evidence are located in Colorado. Likewise, the allegation that Mr. Renne worked from Virginia says nothing about where the relevant evidence or non-party witnesses are located. Second Am. Compl. ¶ 11. By contrast, as set forth in Defendant's Declaration, the underlying litigation, the clients, and the principal witnesses are centered in Kansas. Renne Decl. ¶¶ 2-3. Accordingly, the convenience of witnesses and access to sources of proof weigh in favor of transfer to the District of Kansas.

The third factor – convenience of the parties – also favors transfer to the District of Kansas. Although Mr. Renne maintains an office in Virginia, he is licensed in Kansas, practices there, represented Kansas clients in the underlying matters, and owns property there. Second Am. Compl. ¶¶ 6, 11, 13; Renne Decl. ¶¶ 1, 4. Thus, the fact that Mr. Renne also maintains a Virginia office does not outweigh Kansas's substantially greater connection to the underlying dispute.

The fourth factor – the interests of justice – also favors transfer to the District of Kansas. The allegations that Mr. Drazic worked from Colorado, including all the alleged work he performed, and that Mr. Renne worked from Virginia, do not alter the center of gravity of this dispute. Regardless of where counsel performed portions of their work, this action arises from the allocation of attorney's fees generated by Kansas litigation involving Kansas clients and Kansas property and specifically concerns the terms under which those Kansas cases were settled, including the payment of a contingency-based fee to Mr. Renne. Second Am. Compl. ¶ 13(b)-(d); Renne Decl. ¶¶ 1, 2. Adjudication in Kansas would promote judicial efficiency by situating the case in the forum most closely connected to the events at issue and the likely witnesses, while avoiding unnecessary litigation in a forum which, at best, is only tangentially connected to the underlying dispute.

Accordingly, if the Court declines to dismiss the Second Amended Complaint under Rule 12(b)(6), Mr. Renne respectfully submits that this action should be transferred to the United States District Court for the District of Kansas.

WHEREFORE, Defendant Renne respectfully requests that the Court

(a) dismiss the Second Amended Complaint in its entirety, with prejudice, for failure to state a claim under Rule 12(b)(6), or

(b) in the alternative, and only if the Court determines dismissal is not warranted, transfer this action to the United States District Court for the District of Kansas, and

(c) provide any further relief that the Court deems just and proper.

Respectfully submitted,

JAMES L. RENNE
*By Counsel*

/s/ John Isaac Post

John Isaac Post (VSB No. 82529)
ISAAC POST LAW PLLC
1800 Diagonal Rd., Ste 604
Alexandria, VA 22314
T (571) 249-1135
F (571) 249-1193
ipost@isaacpostlaw.com