**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BLAIR DRAZIC,** <br> **PLAINTIFF,** <br><br> **v.** <br><br> **JAMES RENNE,** <br><br> **DEFENDANT.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE #:1:25-cv-2406-PTG-LRV** |

**MEMO IN OPPOSITION TO MOTION TO DISMISS AND MOTION TO TRANSFER**

**COMES NOW** the Plaintiff, by counsel, and files this memo in opposition to Motion to Dismiss or Transfer (ECF 22 and memo in support ECF 23) and says as follow:

**MOTION TO DISMISS**

This case is before the Court without a written agreement for one simple reason. Plaintiff is a lawyer that had worked with Defendant as co-counsel for years and he trusted him. He reasonably believed that he could trust a fellow attorney. He learned at the end that his trust was misplaced in this instance when the case concluded. Renne recruited Drazic to help him on the case. Drazic has been a trial lawyer for fifty years. More importantly, he has tried at least 110 jury cases from voir dire to submission. The Court is an expert on attorneys fees and can take judicial notice that few contingent fee lawyers share fees based on the loadstar but on percentage. Most importantly, the fee is generated by the Defendant's (in the Wind Farm cases) fear that the Plaintiffs' attorneys will "ring the bell" with the jury. A lawyer with trial experience generates

the result. Drazic has a proven record of trying cases.to juries. These facts alone demonstrate the absurdity of Defendant's position and his motion.

Defendant challenges that the payment proffered of $30,000 was inadequate, while retaining over $600,000 in a matter of co-counseling-- a payment of 5% of the attorney fees recovered. This is outrageous and took advantage of the fact that Drazic allowed Renne to have possession of the entire fee.

Defendant challenges why the reasonable value of plaintiffs services were worth more than 5% of the attorney fees, when the work and risk of loss were born by both parties.

Defendant challenges what benefit defendant retained when the work generated a $600,000.00 fee and defendant retained 95% of the $600,000 in attorney fees, and paying less than 5% to plaintiff.

Defendant challenges why the circumstances of defendant retaining over 95% of a fee in excess of $600,000 is unjust, when the work was done by both parties in a co-counseling manner.

**<u>COUNT I - IMPLIED CONTRACT-QUANUM MERUIT</u>**

Count Two of the complaint reviews the allegations of the complaint, and brings a claim for implied contract quantum meruit. In this case, it is very clear that each party did certain work on the cases with the underlying clients. And each party is thereby entitled to paid, if nothing else, in quantum meruit or unjust enrichment. Plaintiff has adequately stated a claim that there was an implied agreement that each party would do certain work, and would thereby be paid for the work. While there certainly can be a dispute about the amount of each parties fees in this matter, there can be no dispute that each party should be paid for the work done. See eg: *T. Musgrove*

*Construction Co, Inv v. Young*, 298 Va 480, 840 SE 2d 337, 340-341 (VA 2020). The cases cited by the defendant, *Cahey* and *Haz-Mat Response*, hold the elements nearly identical.

A claim for quantum meruit is one "[w]here service is performed by one, at the instance and request of the other and nothing is said of compensation for such service, the law implies a contract, that the party who performs the service shall be paid a reasonable compensation therefore" *Musgrove* at 341 quoting *Mongold v. Woods*, 278 Va 196, 203, 677 SE2d 288(2009). "A plaintiff can seek recovery in quantum meruit when the work was done at the instance and request of another." *Musgrove* at 341. In this case, it is clear that the parties contemplated work, and that the work was not without compensation, even though there was no written agreement. The court can and should impose an implied contract for the reasonable value of the services.

The question then goes to the level of recovery (damages).

> Where one renders services for another at the latter's request the law, in the absence of an express agreement, implies a promise to pay what those services are reasonably worth, unless it can be inferred from the circumstances that those services were to be rendered without compensation.

*Musgrove* at 341 quoting *Haynes Chemical Corp v. Staples and Staples*, 133 Va 82, 87, 112 SE 802 (1922).

The Musgrove court then goes on to give 4 different examples of cases where quantum meruit would be applicable. Among those is "(1) the parties contract for work to be done, but the parties did not agree on a price, (2) the compensation mentioned is too indefinite," *Musgrove* at 341.

It is beyond absurd to believe two lawyers would work on a contingent fee case for years, and in this case the evidence will show the work was intense likely due to Renne's personal interest in the issues presented, and that he would be paid whatever Renne *wanted*.

In this case, the allegations are that the parties co-counseled a number of matters. Complaint ⁋9-10. The agreement was that the fees would be shared. Complaint ⁋10. Clearly, the defendant requested services (the meeting at Boston's), Complaint ⁋9. The plaintiff performed those services. Complaint ⁋12, ⁋13. The agreement was one of co-counseling. Complaint ⁋10. Plaintiff was not paid all the amount of money that he alleges should have been paid. Complaint ⁋15-16. This clearly meets all of the elements that are contemplated in *Musgrove*, *Cahey* and *Haz-Mat Response.*

If the court uses Colorado law, then the seminal case is *Melat, Pressman & Higbie v. Hannon Law Firm*, 287 P. 3d 842 (Colorado Supreme Court, 2012). In *Melat Pressman*, the court uses the same standards, but breaks them down. "To recover in quantum meruit, a plaintiff must demonstrate that (1) at plaintiff's expense, (2) defendant received a benefit, (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying." *Melat Pressman* at 847. In this case, similarly, the plaintiff provided services (Complaint at ⁋⁋10, 12-13.). Defendant received the benefit of plaintiff's work. The benefit is subject to dispute, which is why the case is before this court, but plaintiff alleges that he did the work. Complaint ⁋⁋12-13. The defendant keeping all of the money (Complaint ⁋⁋15-16) would clearly be unjust.

If the analysis is done under Colorado law (*Cahey*), the terms are changed, but the outcome is the same. 1- A benefit was conferred, 2- on the defendant, 3- under which the retention would be unjust. In this case, the co-counseling agreement was not reduced to writing, but it is unjust for lawyers who took an equal risk in litigating the case, to not share equally in the proceeds.

If the analysis is under Kansas (*Haz-Mat Resources*), 1- A benefit I conferred on the defendant by the plaintiff, 2- the defendant had an appreciation or knowledge of the benefit, and 3- the acceptance or retention of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment. The same concepts, with different words. In this case, the defendant received the benefit of plaintiff's co-counseling and work on the underlying cases, the defendant knew (because he participated in the case as well), and the retention of the entire fee in excess of $600,000 is inappropriate and inequitable when the plaintiff and defendant equally shared in the risk and rewards.

The complaint very clearly sets the outline for why the fees being kept are inappropriate, and why all of the elements are met, whether Virginia, Colorado or Kansas law. Plaintiff co-counseled the underlying cases, defendant got the benefit of plaintiff's work, and retained the entire fee in excess of $600,000.

**COUNT II- IMPLIED CONTRACT- UNJUST ENRICHMENT**

In the event the court looks at this as unjust enrichment, the elements are "1- plaintiff conferred a benefit on the defendant; 2 – defendant knew of the benefit and should reasonably have expected to pay the plaintiff and 3- defendant retained the benefit without paying for its value" *Musgrove* at 341, with punctuation edited, citing *Schmidt v. Household Fin. Corp, II* 276 Va 108, 116, 661 SE2d 834 (2008).

In this case, plaintiff conferred a benefit on the defendant by working on the litigation. Complaint at ⁋13. Defendant clearly knew of the work and benefit. Complaint at ⁋⁋9, 12. Defendant retained the benefit without paying. Complaint at ⁋⁋15-16.

In the event the court applies Colorado law, the case is *Robinson v. Colorado State Lottery Division*, 179 P3d 998 (Colorado Supreme Court, en banc, 2008). “The test for recovery under an unjust enrichment theory requires a showing that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying.” Id at 1007, citing *DCB Constr. Co Inc v. Cen. City Dev Co,*. 965 P2d 115, 119 (Colorado, 1998) The same paragraphs cited above apply as the claim for unjust enrichment is identical in Virginia and Colorado.

Defendant cites *Lewis v. Lewis*, 189 P 3d 1134, 1141 (Colo 2008) for the elements under Colorado law for unjust enrichment. They are mostly the same elements as quantum meruit. However, in noting element 3, defendant ignores 1 key word-- Element 3 is quoted as “under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation.” (emphasis added.). This case is about commensurate compensation. In this case, the compensation is not commensurate with the work done because the work was done in a contingent fee case. Because the case was a contingent fee case (Complaint ⁋10), the parties worked on the case at their own risk and reward. In the event the case was lost, then there would be no recovery. In the event the case was settled it was to have a fee (we believe) of 33 1/3% if resolved before summary judgment and 40% if after summary judgment. (Complaint ⁋13). In this type of case, it is customary for the fees to be split on a percentage basis, typically 50-50. The total attorney fees in this case exceed $600,000, and less than 5% of that, which is dramatically less than 50%, was paid to plaintiff. The compensation is not COMMENSURATE with the work done, it was a fraction of commensurate.

The story told in *Sullivan v. Leor Energy* cited by defendant is inappropriate. In Sullivan, the defendant was paid a salary, on a regular basis. In this case, there was no salary, there was no

regular amounts paid. Drazic never thought, and there is no information to show that Renne thought that Drazic was to be paid an hourly fee, it was to be shared in a manner that was fair and reasonable. Complaint ¶10.

**TRANSFER TO D. Kansas.**

Defendant cites 28 USC 1404(a) as a basis to transfer venue. Section 1404(a) allows for the transfer of venue based on the convenience of the parties and witnesses.

However, venue in this case was based on 28 USC 1391(b)(1), the jurisdiction where the defendant resides. In the declaration of Renne, even he admits that his residence is not in Kansas. While this case is about fees between two lawyers, the underlying litigation is all but irrelevant. The defendant resides in the Eastern District of Virginia, his office is in the Eastern District of Virginia. To the limited extent any third party witness would need to be interviewed or deposed, there is no reason that could not happen with this case proceeding where the defendant resides and the deposition taking place in Kansas or anywhere else the relevant client was located. Those deposition are unlikely to be important, and should not be necessary in any event.

The defendant is located here, in the Eastern District of Virginia. The plaintiff is a resident of Colorado. While the litigation complained of took place predominantly in Kansas, there is nothing in Kansas except for the underlying clients. All the documents, all the materials are either in defendant's possession, in the Eastern District of Virginia, or in Colorado, where the plaintiff is located.

Using the analysis of *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Services, Inc*, 791 F3d 436, 444 (4th Cir, 2015), cited by the defendant, the court could entire

ignore plaintiff's choice of forum (factor 1). Neither Virginia nor Kansas would be remarkably convenient for the plaintiff.

Factor 2- convenience of the witnesses can also be nearly entirely ignored because the underlying clients are not relevant witnesses. They are not parties to the agreement or non-agreement between the plaintiff and defendant, and it is unlikely that they would have any knowledge of the agreed upon division of labor, fees, or materials. Further, any underlying client who's testimony would be relevant could be deposed by the parties and that testimony could be read into the record or used for summary judgment purposes if relevant.

Factor 3- convenience of the parties militates towards retaining the case in the Eastern District of Virginia. Defendant's office is located here, defendant maintains all files and records here. Nowhere in the declaration does Mr. Renne claim that his office is located in Kansas. In fact, it would be difficult for him to do so, as his website and his pleadings all cite an office address at 4201 Wilson Blvd, Suite 110521, Arlington, VA 22203. From online searches, he appears to reside in Arlington. It would clearly be more convenient for the defendant to litigate this matter in his own backyard. The deposit of the funds, to which account are "red herring" issues. The amount will be described in documents that are in the possession of the defendant, in his office in Arlington.

The fourth factor, the interests of justice are about fees between the parties. It is related to litigation that occurred in Kansas, but also some of the litigation was in the District of Columbia, or at least contemplated in The District of Columbia. However, the underlying litigations have concluded and it would unnecessarily disturb the matter in D. Kansas. Further, the litigations in

Kansas would not have any information in the court. It would be no more convenient to litigate attorney fees between two lawyers in Kansas as here, in the Eastern District of Virginia.

WHEREFORE, plaintiff Drazic moves this court to NOT dismiss this matter, and NOT transfer this matter to another court.

**BLAIR DRAZIC**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax

CERTIFICATE OF SERVICE

I hereby certify that on this 17 September 2026 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**John Isaac Post, Esq.**
**Counsel for James Renne.**

And to the following non-filing users:

NONE

/s/
Jason M. Krumbein, Esq. VSB# 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
(804) 592-0792 - Telephone
(804) 823-2565 – Facsimile