**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| BLAIR DRAZIC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RENNE,<br><br>Defendant. | Civil Action No. 1:25-cv-02406-PTG-LRV |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Plaintiff Blair Drazic's Opposition confirms what his Second Amended Complaint fails to do: allege facts establishing why he is entitled to recover anything from Defendant James Renne beyond the $30,000 that Mr. Renne paid him. Mr. Drazic continues to confuse his claims and base them on an alleged contingency-fee arrangement that he **admits he was not a party to and has never seen**! Second Am. Compl. ¶ 13. Yet the Opposition now asserts, for the first time, that Mr. Renne somehow received $600,000 in attorney's fees and that contingency fees are "typically 50-50" between co-counsel. Opp. at 6. Neither assertion appears in the Second Amended Complaint, neither would establish any contractual or other basis for Mr. Drazic's entitlement to a **particular share** of any alleged contingency fee agreement, and neither explains why the $30,000 received by Mr. Drazic was insufficient compensation.

Mr. Drazic's attempt to supply those missing facts in his Opposition cannot, and do not, cure the inadequacies of the Second Amended Complaint. After two opportunities to plead viable claims, he still has not alleged the facts necessary to support either quantum meruit or unjust enrichment. The Second Amended Complaint should therefore be dismissed with prejudice.

**1. The Opposition does not cure the defect in Count I (quantum meruit) because it ignores the $30,000 payment and relies on facts not alleged in the Second Amended Complaint.**

The Opposition does not address the central deficiency of Count I: Mr. Drazic alleges that **he received $30,000** from Mr. Renne, but the Opposition **never once explains why** that payment was insufficient compensation for any services Mr. Drazic allegedly performed. Instead, Mr. Drazic repeatedly argues as though Mr. Renne paid him nothing, asserting that Mr. Renne "keeping all of the money would clearly be unjust" and that Mr. Renne "retained the entire fee in excess of $600,000." Opp. at 4, 5. But the Second Amended Complaint even admits that Mr. Drazic received $30,000. Second Am. Compl. ¶¶ 17, 20. Mr. Drazic must therefore allege sufficient facts supporting a plausible inference that the reasonable value of his services exceeded the $30,000 he received. Mr. Drazic fails to do so.

The Opposition instead asserts, for the first time, that there was "an agreement … that the fees would be shared," and that lawyers in this type of case should "share equally in the proceeds" when lawyers take an "equal risk in litigating the case." Opp. at 4. Those assertions not only do not answer why $30,000 was inadequate compensation for Mr. Drazic's services but they also **do not appear** in the Second Amended Complaint. The Second Amended Complaint alleges only that the parties "impliedly" agreed to share fees in a "fair and reasonable" manner. Second Am. Compl. ¶ 10. It **does not allege an agreement to divide fees equally**, that the parties performed equal work, or that they assumed equal risk.

Nor does the Opposition's assertion that the underlying attorney's fees exceeded $600,000 establish the reasonable value of the services Mr. Drazic allegedly provided. Opp. at 5. Mr. Drazic received $30,000. Second Am. Compl. ¶¶ 17, 20. The relevant question is not how much Mr. Renne received from the underlying clients, but why the **compensation Mr. Drazic actually**

**received** was not commensurate with the value of the services he performed. Mr. Drazic identifies **no factual basis** supporting an answer to that question.

Mr. Drazic's attempt to distinguish *Sullivan v. Leor Energy, LLC*, because the plaintiff there received a regular salary, misses the point. The form of compensation was not the basis for dismissal. Rather, the court dismissed the quantum meruit claim because the plaintiff failed to allege that the compensation he received was not the "reasonable value" of the services he rendered. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010). The same defect exists here. Mr. Drazic alleges only that the $30,000 offered to him was "grossly insufficient," Second Am. Compl. ¶ 20, but alleges no facts explaining why it was insufficient or supporting an inference that he was entitled to compensation exceeding that amount. Whether the compensation was a salary, an hourly payment, or an agreed fee is beside the point: Mr. Drazic still **must allege facts showing why** the compensation he received was inadequate, and the Second Amended Complaint fails to do so.

Finally, Mr. Drazic cannot cure the pleading deficiency by adding new factual allegations in his Opposition. *See, e.g., Harris v. Integrity Mgmt. Consulting*, 2021 U.S. Dist. LEXIS 75132, at *17 (E.D. Va. Mar. 16, 2021) ("[I]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss…"). The Second Amended Complaint alleges only that fees were to be shared in a "fair and reasonable" manner; it does not allege any agreement – written or otherwise – entitling Mr. Drazic to 50% of a contingency fee, or any other specified percentage. Mr. Drazic certainly cannot supply that missing allegation in his Opposition brief.[1] Nor can he

[1] Mr. Drazic's 50-50 theory is particularly problematic given the writing requirements governing contingency fee-sharing arrangements between lawyers in different firms, which Mr. Renne addressed in a prior briefing. *See* Defendant's Brief in Support of His Motion to Dismiss (ECF No. 10) at 5.

avoid the pleading deficiency by recasting his claim as quantum meruit; he still must allege facts supporting the reasonable value of his services and explain why the $30,000 he received was insufficient. Because he has not done so, Count I should be dismissed with prejudice.

**2. The Opposition does not cure the defect in Count II (unjust enrichment) because it ignores the $30,000 payment and conflates an alleged contingency fee with an alleged fee-sharing agreement.**

Mr. Drazic's Opposition still does not cure the deficiency in Count II. Instead, Mr. Drazic argues that Mr. Renne was unjustly enriched by assuming an agreement that the Second Amended Complaint itself does not allege

Mr. Drazic alleges that the underlying matters were handled pursuant to an alleged contingency fee arrangement but he expressly admits that he "never actually saw the retainer agreement with the underlying clients." Second Am. Compl. ¶ 13. Thus, the Second Amended Complaint **does not allege any facts establishing the terms** of those agreements. Yet the Opposition now asserts that "we believe" the contingency fee was 33⅓% or 40% of the recovery and that contingency fees are "typically 50-50" between co-counsel. Opp. at 6. Mr. Drazic's speculation about the terms of an agreement he admits he never saw cannot establish that he was entitled to any split of a contingency fee, particularly where the Second Amended Complaint does not allege any agreement between Mr. Drazic and Mr. Renne providing for such a division.

To the contrary, Mr. Drazic alleges only that the parties would share fees in a manner that was "fair and reasonable." Second Am. Compl. ¶ 10. And Mr. Drazic admits that he received $30,000 from Mr. Renne. *Id.* ¶¶ 17, 20. Thus, the issue is not whether Mr. Drazic was paid nothing. The issue is whether Mr. Drazic has alleged facts supporting an inference that it would be unjust for Mr. Renne to retain the benefit allegedly conferred by Mr. Drazic's services beyond $30,000 without "commensurate compensation" or "without paying" Mr. Drazic for it. *See e.g., Salzman*

*v. Bachrach*, 996 P.2d 1263, 1265-66 (Colo. 2000) (cited in *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008)).

But Mr. Drazic has failed again to adequately allege unjust enrichment. The amount of the contingency fee Mr. Renne allegedly received from the underlying clients **does not establish the value** of the benefit he retained from Mr. Drazic's services, particularly where Mr. Drazic alleges no agreement, or enforceable right, entitling him to a specified percentage of that fee. Second Am. Compl. ¶¶ 13, 18. The Opposition's assertion regarding a "typical" 50-50 split was not alleged in the Second Amended Complaint and even if considered, the assertion that such splits are "customary" does not establish that the parties agreed to one and does not explain why the $30,000 offered to Mr. Drazic was not commensurate compensation. Opp. at 6. As in *Sullivan*, where the court also affirmed dismissal of an unjust enrichment claim for failure to allege facts showing the compensation received was inadequate, **Mr. Drazic has alleged no such facts** here. 600 F.3d at 550. Merely repeating the elements of a claim for unjust enrichment does not cure that deficiency. Count II should therefore be dismissed with prejudice.

**3. If the Court reaches Mr. Renne's alternative request, the Opposition confirms that Kansas remains the center of the underlying dispute.**

Should the Court reach Mr. Renne's alternative request, nothing in the Second Amended Complaint nor the Opposition alters the transfer analysis. Although Mr. Drazic characterizes the underlying litigation as "all but irrelevant," the Second Amended Complaint itself seeks compensation for work allegedly performed in connection with the Kansas "wind farm" litigation, which the Opposition acknowledges "took place predominantly in Kansas." Opp. at 7. The convenience of witnesses and the interests of justice therefore continue to favor transfer should dismissal be denied.

For these reasons, Mr. Renne respectfully requests that the Court dismiss the Second Amended Complaint, in its entirety, with prejudice. Mr. Drazic has already been afforded two opportunities to cure the pleading deficiencies, and his Opposition confirms that the Second Amended Complaint still fails to allege facts sufficient to state plausible claims for relief.

Respectfully submitted,

JAMES L. RENNE
*By Counsel*

/s/ John Isaac Post

John Isaac Post (VSB No. 82529)
ISAAC POST LAW PLLC
1800 Diagonal Rd., Ste 604
Alexandria, VA 22314
T (571) 249-1135
F (571) 249-1193
ipost@isaacpostlaw.com